# Lewis v. The State.

*Resisting an Officer.*

(Decided June 30, 1911. Rehearing denied April 4, 1912.
58 South. 57.)

1. *Indictment and Information; Form; Statutory Provision.*— Under form 92, Section 7161, Code 1907, and Section 7708, it is held that the form prescribed for the resistance of service of process aforesaid furnishes an analogy for the form of an indictment for resisting an arrest, whether the arrest is under process or not, and the indictment as to sufficiency will be determined thereby.

[Lewis v. The State.]

2. *Same; Requisites.*—Under section 6267, Code 1907, an indictment for resisting an arrest or an attempt to arrest, which charges that the arrest or the attempt was by "an officer or constable of said county" is not rendered objectionable for the alternative designation, as it imports an officer or constable of the county within the statute.

3. *Same; Sufficiency.*—An indictment charging a defendant with knowingly or wilfully opposing or resisting an officer or a constable, in the arrest or attempt to arrest another person, who was in the actual commission of a public offense, is sufficiently particular under the analogous form 92, section 7161, Code 1907.

4. *Same; Trial; Issue; Proof and Variance.*—Where the indictment charged that the person who was resisted was an officer or constable of the county, it was supported by proof that he was a deputy sheriff, and such proof did not constitute a variance.

5. *Obstructing Justice; Evidence; Res Gestae.*—Where the prosecution was for resisting an officer making an arrest, and the officer making the arrest testified that while attempting to arrest another person the defendant interfered, and that he put him under arrest, but released him on his statement that he did not know it was an officer seeking to make an arrest, it was competent to show as part of the res gestae that immediately on being released the defendant started running towards his home exclaiming that he was not afraid of any damned officer but would get his gun.

6. *Same; Trial; Jury Question.*—The evidence in this case examined and held sufficient to require a submission to the jury on the question of the guilt of the defendant.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Lee Lewis was convicted of resisting an officer; and he appeals. Affirmed.

The indictment, omitting the formal part, was as follows: "Lee Lewis did knowingly and willfully oppose or resist R. L. Sears, an officer or constable of said county, in the lawful arrest of one Dave Robinson, who at the time of said lawful arrest was in the actual commission of a public offense. (2) Lee Lewis did knowingly and willfully oppose or resist R. L. Sears, an officer or constable of said county, in attempting to make a lawful arrest of one Dave Robinson, who at the time when said arrest was attempted was in the actual commission of a public offense, against the peace and dignity," etc. The demurrers to the indictment are that it fails to

[Lewis v. The State.]

describe or allege the existence of any legal process which would justify the arrest of Dave Robinson; fails to allege that, at the time Sears was attempting to arrest Robinson, Robinson was engaged in the commission of the offense for which said Sears was attempting to arrest him; fails to allege that Robinson, at the time Sears was attempting to arrest him, was charged with any offense; fails to designate with a sufficient degree of accuracy in what official capacity Sears was acting at the time he made the arrest, or attempted to make the arrest, of said Robinson.

ALEX. H. CLARK, and PHIL. H. STERN, for appellant. The demurrers to the indictment should have been sustained.—Form 92, p. 676, Crim. Code; Joyce on Indictment, secs. 274-5; *People v. Cooper*, 3 N. Y. Crim. 117; 22 Cyc. 303; *Rank v. People*, 80 Ill. App. 40; 51 S. E. 326; 6 N. E. 607; 77 Am. St. Rep. 632; 71 S. W. 229; 76 Ky. 267. An arrest made for one purpose cannot be justified for another.—*Cunningham v. Baker*, 104 Ala. 171; *People v. Johnson*, 24 Am. St. Rep. 116. The court erred in admitting evidence of the declaration of the defendant after he was released that he was going home to get his gun, etc.—29 Cyc. 1329; *Dougherty v. The State*, 106 Ala. 63. The officer was not authorized to make the arrest without a warrant.—Cases cited supra.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was sufficient.—*Howard v. The State*, 121 Ala. 21; *Andrews v. The State*, 78 Ala. 482; Sec. 7707, and Form 92, sec. 7161, Code 1907. Counsel discuss the admissions of evidence, but without citation of authority.

WALKER, P. J.—The indictment in this case contained two counts, the first of which charged that the

defendant "did knowingly and willfully oppose or resist R. L. Sears, an officer or constable of said county, in the lawful arrest of one Dave Robinson, who at the time of said arrest was in the actual commission of a public offense." The second count is similar in its averments, except that it charges that the defendant so opposed or resisted the officer mentioned in attempting to make the arrest referred to in the first count. The court overruled the defendant's demurrer to the indictment, and to each count of it, separately and severally.

The form of indictment prescribed by the Code (Code, § 7161, form 92) for an offense under section 7708 is applicable to the offense of opposing or resisting an officer in serving, executing, or attempting to serve any legal writ or process; no form of indictment being given for the offense, also provided for by that section, of resisting any lawful arrest, whether under process or not. But the form prescribed for an offense under one clause of that statute furnishes an analogy for a form of indictment for the offense provided for by the other clause of the statute.

The indictment in this case has as much particularity in its allegations as that prescribed by the Code. It was not subject to objection because of the alternative designation of the office of the person by whom the arrest was made or attempted.—*Murphy v State*, 55 Ala. 252. The charge that the arrest or attempt to arrest was by "R. L. Sears, an officer or constable of said county," imported that he was an officer authorized to make arrests within the meaning of the statute on that subject. Code, § 6267. In averring that the arrest made or attempted was of a person who at the time was in the actual commission of a public offense, the arrest is as fully described as the warrant or writ of arrest is required to be described when the defendant is charged

[Lewis v. The State.]

with resisting an officer in making or attempting to make an arrest under a warrant or writ of arrest.— *Howard v. State*, 121 Ala. 21, 26 South, 1000. No greater particularity is required in the one case than in the other. We are of opinion that the indictment in this case with sufficient fullness directly and expressly alleged the fact in the doing of which the offense consists, "in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment," and that it was not subject to any of the objections assigned in the demurrer. Code, § 7134; *Grattan v. State*, 71 Ala. 344.

The evidence that the officer making the arrest was a deputy sheriff of the county was not variant from the allegation of the indictment that he was "an officer or constable of said county," and the motion to exclude the evidence on the ground that there was a variance in this respect was properly overruled.

The testimony of the officer who arrested Dave Robinson tended to show that the defendant resisted him in making that arrest, and that thereupon he put the defendant under arrest, but released him upon his statement to the effect that he did not know it was an officer seeking to make an arrest. It was not improper to permit the officer to state that, immediately upon such release, the defendant started running towards the house, exclaiming that he was not afraid of any damned officer, and would get his gun. The act and statement deposed to were so immediately connected with the conduct of the defendant in reference to the arrest of Robinson as to constitute a part of it, and the evidence was not subject to objection on the ground that it was in reference to a subsequent and disconnected occurrence.

There was evidence tending to prove that the arrest of Robinson was for a public offense, which he was in the act of committing in the presence of the officer at the time of the arrest. The defendant was not entitled to the general affirmative charge requested in his behalf, on the ground that there was a lack of such evidence, or on any other ground.

Affirmed.

