(101 So. 514)

## HAWKINS v. STATE. (4 Div. 861.)

(Court of Appeals of Alabama. Sept. 2, 1924. Rehearing Denied Oct. 7, 1924.)

1. Criminal law ⬅1114(1) — Appellate court must consider all questions apparent on record.

Under Code 1907, § 6264, appellate court must consider all questions apparent on record, and on its own motion take cognizance of patent discrepancies and errors.

2. Criminal law ⬅252(1)—Conviction based on unverified and unsupported complaint filed by solicitor not sustained.

In view of Code 1907, § 6703, conviction of crime cannot be sustained, where prosecution rested only on complaint filed by solicitor which was unsupported by affidavit.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Loys Hawkins was convicted of violating the prohibition law, and he appeals. Reversed and rendered.

Sollie & Sollie, of Ozark, for appellant.

The complaint should have been stricken on motion of defendant. Ex parte Banks, 28 Ala. 28; Gould v. Hayes, 19 Ala. 462; Board of Rev. v. Farson, Son & Co., 197 Ala. 375, 72 So. 613; Ex parte Simonton, 9 Port. (Ala.) 390, 33 Am. Dec. 320; Tarver v. Comm. Court, 17 Ala. 527; Shackleford v. State, 204 Ala. 362, 85 So. 786; 11 Michie's Ala. Dig. 1115.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

It is not necessary in a prohibition case to file a new complaint in the circuit court. Walker v. State, 17 Ala. App. 3, 81 So. 179.

BRICKEN, P. J. [1] The duty devolves upon this court to consider all questions apparent on the record. Code 1907, § 6264. So far as the record shows in this case, the defendant has been tried and convicted solely upon a complaint filed by the solicitor in the circuit court, and this complaint is not predicated upon or supported by any affidavit as the law requires.

It is stated that this prosecution originated in the county court. But nowhere in the record does there appear any affidavit or warrant or other process necessary to confer jurisdiction upon the county court to try this defendant, nor is there any appeal bond in the record. And so far as this court can know the defendant, if tried in the county court, was tried upon oral complaint of some alleged aggrieved party, and this the law does not provide. The only manner provided by law for the commencement of a prosecution in this state is by the finding of an indictment or by the swearing out a warrant based upon probable cause of the officer issuing same. The statute provides a party aggrieved, or desiring to bring a charge of misdemeanor before the county court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest, and, upon making affidavit in writing that he has probable cause for believing, and does believe, that an offense (designating the misdemeanor by name, or by some other phrase which in common parlance designates it) has been committed in said county by the accused on the person or property, as the case may be, of A. B. (naming the person injured), then the judge of said court or the justice of the peace shall examine the affiant under oath and other witnesses, if he so desires, touching the offense charged in the affidavit, and, if the court or justice of the peace has probable cause for believing that

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the offense alleged in the affidavit has been committed, he shall issue his warrant of arrest. Code 1907, § 6703.

As to offenses of the character here purported to have been committed by defendant, as shown by the complaint filed by the solicitor in the circuit court, the statute expressly provides that all prosecutions for a violation of any provision of the acts for the suppression of the evils of intemperance, or of an act to promote temperance and to prohibit the sale, offering for sale having in possession, etc., prohibited liquors may be begun by affidavit as well as by indictment and that when begun by affidavit * * * the prosecution may continue no matter in what court or before what judge the trial shall be had upon the affidavit upon which it was originally begun, etc. In other words there must be either an affidavit and warrant or an indictment in order to commence a prosecution of this character or any other criminal charge. In the instant case as stated so far as this record shows this prosecution rested only upon a complaint filed by the solicitor which complaint was unsupported by affidavit. This being true the judgment of conviction appealed from cannot be sustained. Under the provisions of the statute (Code 1907, § 6264), this court of its own motion would be required to take cognizance of this patent discrepancy and error. Here, however, it appears from the record that the defendant made a motion in writing to strike the complaint filed by the solicitor on the grounds: (1) "It is not authorized by law"; (2) "the state has no right to put defendant to trial thereon"; (3) "said information is void"; (4) "there is no warrant in law therefor"; (5) "said complaint is frivolous."

The judgment appealed from shows that above motion to strike was overruled, and that defendant's protest at being put to trial on the solicitor's complaint was also overruled. From what has been said these rulings constituted reversible error.

It affirmatively appearing by this record that this prosecution was not begun in any manner which the law directs and provides, and that there can be no trial or conviction of this appellant upon the process shown by the record, a judgment will be here rendered discharging the defendant from further custody in these proceedings.

Reversed and rendered.

### On Rehearing.

As the basis for rehearing in this cause it is urged that the opinion be withdrawn, submission set aside and certiorari awarded to complete the record. For this identical purpose a certiorari was awarded upon request of the state on June 7, 1923, and the cause was passed to call of Second Division. On June 14, 1923, a submission upon briefs was had. On July 9, 1923, upon motion of state the former submission of the cause was set aside and the cause continued. On January 24, 1924, an alias certiorari was awarded upon motion of state and the cause continued. On June 12, 1924, another alias certiorari was granted and the cause was passed to call of Second Division. On June 19, 1924, the cause was submitted upon briefs by the state. September 2, 1924, a reversal of the judgment was ordered and a judgment here rendered in favor of appellant. Under this status we decline to further prolong this proceeding at request of the state and the application for rehearing is overruled.

Application overruled.