176 So. 224

**WETZEL v. STATE.**

**6 Div. 24.**

Court of Appeals of Alabama.

May 18, 1937.

Rehearing Denied June 8, 1937.

Ed Wetzel, pro se.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The submission of this case was upon motion to establish the bill of exceptions, under section 6435 of the Code of 1923; and, also, upon merits.

Said section of the Code above cited provides that on a motion of this character, if the trial judge fails or refuses to sign a bill of exceptions, the point of decision and the facts being truly stated, the appellate court must receive such evidence of the facts as may be deemed by it satisfactory, and proceed to hear the cause as if the bill had been signed by the judge, etc.

On the motion to establish the bill of exceptions, the appellant has pointed out to this court and has designated specifically the many alleged discrepancies, omissions, and erroneous statements in the bill of exceptions as it appears in the transcript. And in support of his motion the appellant has furnished the court with the original bill of exceptions, as first presented to the trial judge, and has also furnished the court with the full stenographic report of the court reporter. We find upon investigation that the insistences of appellant in this connection appear to be sustained, and as a consequence the motion of appellant is hereby granted and the bill of exceptions is hereby established; and, as the statute requires, we shall now proceed to hear the cause and to consider and determine the same as if the bill of exceptions had been signed by the trial judge.

The record in this case and the transcript of the proceedings of the trial in the court below is much involved, and in a confused state. This is due largely to that fact that the prosecution here under consideration was, by consent of parties, tried jointly with a peace proceeding pending between the appellant and the prosecutor. To try cases of this character jointly is of very doubtful propriety, resulting usually, as here, in a confused condition as to facts as well as to rulings of the court invoked upon the trial.

This prosecution originated in the municipal court of Bessemer, upon affidavit charging that the defendant did carry a concealed pistol on his person or under his clothes against the peace and dignity of the State of Alabama. Upon conviction in the municipal court, appeal was taken to the circuit court, where the Solicitor filed a complaint, or a statement of the cause, under Section 3843 of the Code of 1923, charging that the defendant did carry a pistol concealed about his person, or on premises not his own or under his control.

The offense of carrying a concealed pistol is created by section 3485 of the Code of 1923 and has been in the law through five successive Codes. The offense of carrying a pistol on premises not his own is new to the Code of 1923 and creates a new, separate, and distinct offense; neither of which is included in the other. It will therefore be seen that the Solicitor without the support of an affidavit added a charge in his complaint not included in the original affidavit, and on motion would have been stricken from the complaint. Echols v. State, 16 Ala.App. 138, 75 So. 814.

■ That part of the Solicitor's complaint filed in the circuit court charging the carrying of a pistol on premises not his own, not being sustained by an affidavit as provided by section 3815 of the Code of 1923, is void, and would not support a conviction. Hawkins v. State, 20 Ala.App. 285, 101 So. 514.

There was, however, no motion or demurrer directed to the Solicitor's complaint and the trial proceeded upon both charges and, also, on the peace proceedings. This resulted in a very wide range of inquiry in an effort to establish threats made by the defendant as against the prosecutor, and to establish the carrying of a pistol on premises which did not belong to the defendant.

In passing upon the merits of this appeal, we have endeavored to eliminate all of that testimony relative to the peace proceeding and to confine our conclusions to those questions affecting the prosecution for carrying a concealed pistol.

■ There was no demurrer or motion pointing out the defects in the complaint filed by the Solicitor, and there were no objections or exceptions to testimony which might have raised this question, and there was ample testimony to support the verdict of guilty as returned by the jury, and there being one alternative charge in the complaint, properly supported by the original affidavit, the verdict is referred to that charge.

■ Refused charges 1 and 2, being affirmative charges, have reference to the case at bar. They were both properly refused as there was conflicting evidence on the question as to whether or not the defendant carried a pistol concealed about his person, as charged in the Solicitor's complaint, thus rendering these charges inapt.

Refused charge 3 has no application to the case under consideration, and relates solely to the peace proceeding which was tried jointly with this case, as above stated.

■ There are numerous objections to the argument of the Solicitor, which we have carefully examined and considered. The first of which is an excerpt as follows: "When Wetzel gets anything in his head, he is the kind of man that Hell itself won't stop him." This is not a statement of a fact, but the expression of the opinion of the Solicitor, as to the type of man on trial, and while the language is not approved by this court, it is not such as will authorize a reversal.

The objections to the other excerpts set out in the transcript were all sustained by the court, and while there was no rebuke administered to the Solicitor, we think that the rulings of the court on these questions were sufficient to advise the jury as to their duty regarding their consideration.

■ The motion for a new trial is not presented for our consideration, all that pertains thereto in this transcript appears in the record proper only and no mention thereof is made in any manner in the bill of exceptions. The action of the court in this connection cannot be reviewed. Levene v. State, 26 Ala.App. 428, 161 So. 268.

We find no error in any rulings of the court in this case, and the record being without error, the judgment of conviction from which this appeal was taken must be, and is, in all things affirmed.

Affirmed.