87 So.2d 447

Bartow **WILSON**

v.

**STATE.**

5 Div: 474.

Court of Appeals of Alabama.

May 8, 1956.

Russell & Russell, Tuskegee, for appellant.

John Patterson, Atty. Gen., and Robert Straub, Asst. Atty. Gen., and Edmon L. Rinehart, Montgomery, of counsel, for the State.

PRICE, Judge.

The charge is "resisting arrest." The prosecution was begun by sworn complaint and warrant in the Inferior Court of Macon County. Appellant entered a plea of guilty and from the judgment of conviction appealed to the circuit court, where he was convicted by a jury.

Before going to trial in the circuit court on the Solicitor's information, defendant filed a motion to quash the proceedings on the grounds that the warrant of arrest was void and inoperative because, (1) it was issued without the written approval of either the Solicitor or the Judge of the Inferior Court of Macon County; and, (2) because defendant was not represented by counsel in the trial in the Inferior Court.

The court denied the motion and this action of the court is appellant's sole insistence of error in brief.

The statute creating the Inferior Court of Macon County provides in pertinent part:

"Section 15. The Clerk of said Court and all of the Justices of the Peace and Notaries Public ex-officio Justices of the Peace within the County of Macon are hereby given the power to issue warrants returnable to said Court for any offense over which the said Court has jurisdiction; but no such warrant shall be issued except upon the written approval of the Solicitor, or the Judge of said Court endorsed thereon." Local Acts 1935, p. 80.

No such endorsement appears upon the warrant. However, when, as here, the objection is made for the first time in the circuit court, the defect is deemed to have been waived. Bush v. State, 27 Ala. App. 30, 167 So. 335; Nicholas v. State, 32 Ala.App. 574, 28 So.2d 422.

Counsel argues in brief that the above stated rule applies to amendable defects,

476

but has no application here because "a valid warrant was not issued and no legal prosecution has ever begun in this case."

The cases cited and relied on by counsel are not authority for this contention. These cases relate to prosecutions founded on an affidavit charging no offense, Miles v. State, 94 Ala. 106, 11 So. 403; variance between the affidavit and Solicitor's complaint, Horn v. State, 22 Ala.App. 459, 117 So. 283; Solicitor's complaint unsupported by affidavit. Hawkins v. State, 20 Ala.App. 285, 101 So. 514; Wetzel v. State, 27 Ala. App. 517, 176 So. 224.

The act creating the Inferior Court abolished the County Court of Macon County and conferred the jurisdiction of said court upon the Inferior Court. Under Code 1940, Title 13, § 346, the warrant was amendable. Moreover, "The affidavit, and not the warrant, is the pleading in the case which shows the charge against the defendant. It is the foundation of the prosecution, and upon it defendant should be tried." Dillard v. State, 151 Ala. 92, 44 So. 396.

It is not required that a defendant be represented by counsel, except where he is indicted for a capital offense. Title 15, § 318, Code 1940; Gilchrist v. State, 234 Ala. 73, 173 So. 651.

The motion to quash the proceedings was properly overruled.

The testimony for the State tended to show that police officers attempted to arrest defendant and two others who were in an intoxicated condition and who were staggering and reeling on a public street in Tuskegee. The appellant refused to get into the patrol car until after a considerable struggle with one of the officers.

On the way to the jail he was abusive, cursed and continued to resist the officers. It was necessary to call ahead for help to get him into the jail. When he got out of the car at the jail he threatened to whip all of the officers present.

The defendant testified that he was drunk on the occasion in question and had no recollection of anything that occurred at that time.

Under the evidence the defendant was not entitled to the general affirmative charge. Lewis v. State, 3 Ala.App. 133, 57 So. 1035.

Charge 3 does not assert a correct proposition of law and was properly refused.

The judgment of the trial court is ordered affirmed.

Affirmed.