88 So.2d 584

James BURTON, Jr.

v.

STATE.

5 Div. 473.

Court of Appeals of Alabama.

May 8, 1956.

Rehearing Denied June 19, 1956.

88 So.2d 580

**Lennell STEWART**

v.

**STATE.**

**6 Div. 212.**

Court of Appeals of Alabama.

May 29, 1956.

Rehearing Denied June 19, 1956.

Russell & Russell, Tuskegee, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

This prosecution was begun in the Inferior Court of Macon County, upon an affidavit and warrant charging the defendant with illegal possession of prohibited liquors. From a judgment of conviction in the Inferior Court an appeal was taken to the circuit court. In the circuit court the defendant was convicted by a jury and was sentenced to hard labor for the county. From the judgment and sentence in the circuit court this appeal is taken.

Before entering upon the trial in the circuit court the appellant moved to quash the proceedings on the ground that the warrant of arrest was void and inoperative because it was issued without the written approval of the Solicitor or the Judge of the Inferior Court, as provided by the act establishing said court. The motion was denied. Counsel contends that this action of the court constituted reversible error. This question has been decided adversely to appellant's contention in the case of Wilson v. State, ante, p. 474, 87 So. 2d 447.

There was no motion to exclude the State's evidence; no request for the general affirmative charge and no motion for a new trial. Therefore, the question of the sufficiency of the evidence is not before us for review.

There being no reversible error in the record, the judgment of conviction is ordered affirmed.

Affirmed.