147 So.2d 862

Ex parte William L. ANDERSON.

7 Div. 705.

Court of Appeals of Alabama.

Nov. 13, 1962.

William L. Anderson, pro se.

MacDonald Gallion, Atty. Gen., for the State.

PRICE, Presiding Judge.

Petitioner was indicted for murder in the second degree, convicted of manslaughter in the first degree and sentenced to the penitentiary for a term of ten years. An appeal was taken to this court on the record proper, without a transcript of the evidence, and the cause was affirmed without opinion on May 20, 1958.

Petitioner has applied here for leave to file a petition in the trial court for a writ of error coram nobis. He alleges that he was denied a continuance at his trial so that he could employ counsel for his defense and that the trial court refused to appoint a lawyer to defend him.

The Attorney General has filed a motion to dismiss the petition. In the motion it is alleged that the petitioner has had a transcript of the evidence at his original trial made, certified to under date of January 2, 1962, by the official court reporter and the circuit clerk, and has had a copy served upon the Attorney General.

Excerpts from the transcript of testimony show that at the February, 1958, term of the circuit court when defendant's case was called for trial the court appointed an attorney to assist him in selecting a jury. His court appointed counsel moved, at defendant's request, for a continuance on the grounds of defendant's physical inability to stand trial, for the absence of a witness, and to give defendant time to employ an attorney. Counsel stated defendant said he had no money to hire an attorney but he felt if a continuance could be granted until the August term of court he could make arangements to employ an attorney. The court said:

"The Court: I am not unmindful of the defendant's confinement in the jail

and that he is not represented at this time. Through the Sheriff I have done my best to see if the defendant could get a lawyer. His people have had full access to him, and they have been to see him. I don't think they are able to employ a lawyer and I don't think they will be later on. I have been thinking of the case for a month and a half now and I have exhausted the methods I would have for employment of a lawyer. Under our present law I cannot authorize the employment of an attorney, but I have asked you, Mr. Reed, to strike the jury for him. * *. In the meantime, with regard to the witness Bishop, I don't think he is within the state or I could proceed."

The defendant was taken to the office of a physician who had treated him while he was in jail. The doctor examined him and informed the court in defendant's presence that he was physically able to stand trial. Court appointed counsel assisted in striking the jury, entered a plea of not guilty and a special plea of not guilty by reason of insanity, answered the solicitor's statement of the case, and stated the defendant's case to the jury.

Under our statute the trial court is not authorized to provide counsel to represent a defendant, except where he is indicted for a capital offense. Title 15, Sec. 318, Code 1940; Gilchrist v. State, 234 Ala. 73, 173 So. 651; Wilson v. State, 38 Ala.App. 474, 87 So.2d 447; Smith v. State, 34 Ala. App. 194, 38 So.2d 287.

The refusal of a motion for a continuance to obtain counsel cannot be made the basis for a writ of error coram nobis. The remedy is by a motion for a new trial on that ground, the denial of which is reviewable by appeal. Ex parte Gammon, 255 Ala. 502, 52 So.2d 369; Ex parte Argo, ante, p. 442, 137 So.2d 755.

There is no allegation that defendant was mentally incompetent at the time of the commission of the offense, time of trial or time of sentence.

It is not alleged that the petitioner has a valid defense, Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Ex parte Fewell, 261 Ala. 246, 73 So.2d 558, which if presented in his behalf, would have produced a different result. Ex parte Powell, 39 Ala.App. 423, 102 So.2d 923; Ex parte Argo, supra.

The motion of the state to dismiss the petition is granted.

Petition dismissed.