290 So.2d 673

**Donald Wayne LEONARD**

v.

**STATE.**

**6 Div. 553.**

Court of Criminal Appeals of Alabama.

Feb. 12, 1974.

William Conway, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was convicted by a jury in the Circuit Court of Jefferson County for conspiring to commit a misdemeanor. Title 14, § 101, Recompiled Code 1958. The jury imposed a fine of $125.00. This appeal is from the judgment that was entered pursuant to the verdict of the jury.

The prosecution originated in the Jefferson County Criminal Court where an unverified complaint, signed by a prosecuting State Trooper, was filed. An unsigned warrant of arrest appears in the record along with the complaint. The defendant appealed to the circuit court from the conviction in the Jefferson County Criminal Court.

The complaining State Trooper arrested the defendant without a warrant.

The prosecution began in the Jefferson County Criminal Court. The complaint, as stated above, was not verified. Because of such want of verification, the criminal court never acquired jurisdiction, and the conviction of the defendant was void.

Act No. 467, Acts of Alabama, Reg. Sess., 1957, Vol. 1, which creates the Jefferson County Criminal Court, provides in Section 1 as follows:

"* * * That no trial or prosecution shall be instituted in this court by indictment, but all trials or prosecutions instituted in said court shall be upon affidavit and warrant as prescribed by law for the institution of trials and prosecutions in the county courts of this State. * * *"

We held in Hawkins v. State, 20 Ala. App. 285, 101 So. 514, as follows:

"* * * The only manner provided by law for the commencement of a prosecution in this state is by the finding of an indictment or by the swearing out a warrant based upon probable cause of the officer issuing same. The statute provides a party aggrieved, or desiring to bring a charge of misdemeanor before the county court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest, and, upon making affidavit in writing that he has probable cause for believing, and does believe, that an offense (designating the misdemeanor by name, or by some other phrase which in common parlance designates it) has been committed in said county by the accused on the person or property, as the case may be, of A. B. (naming the person injured), then the judge of said court or the justice of the peace shall examine the affiant under oath and other witnesses, if he so desires, touching the offense charged in the affidavit, and, if the court or justice of the peace has probable cause for believing that the offense alleged in the affidavit has been committed, he shall issue his warrant of arrest. Code 1907, § 6703. (Now Title 13, § 327, Recompiled Code 1958)"

We also held in Wetzel v. State, 27 Ala. App. 517, 176 So. 224(3), cert. den. 234 Ala. 610, 176 So. 226, as follows:

"That part of the Solicitor's complaint filed in the circuit court charging the carrying of a pistol on premises not his own, not being sustained by an affidavit as provided by section 3815 of the Code of 1923 (Now Title 13, § 327, Recompiled Code 1958), is void, and would not support a conviction. Hawkins v. State, 20 Ala.App. 285, 101 So.,514."

It affirmatively appearing by this record that this prosecution was not begun in the manner which the law directs and provides, and that there can be no trial or conviction of this appellant upon the process shown by the record, a judgment will be here rendered discharging the defendant from further custody in this proceeding. Hawkins v. State, supra.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and rendered.

All the Judges concur.