313 So.2d 542

Joe SELLERS and Gene Whitehead

v.

STATE.

1 Div. 579.

Court of Criminal Appeals of Alabama.

May 27, 1975.

---

Lee B. Williams, Grove Hill, for appellant.

William J. Baxley, Atty. Gen., and Robert A. Macrory, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

At a non-jury term of the Circuit Court of Washington County, each defendant in this consolidated appeal was tried and convicted pursuant to an information, properly filed, for using an electrical device to catch fish. Each defendant was fined $200.

Title 8, Section 79(1), Code of Alabama, 1940, Recompiled 1958, makes it unlawful, (a) to use any electrical device . . . capable of taking, stunning or killing . . . fish which is not allowed by law, and thereafter provides a fine for such violation. The section provides that:

"The possession of any electrical device . . . on the bank of a public stream or other public body of water or in a boat on such water . . . shall be prima facie evidence that the device or instrument is being used illegally for the purpose of taking, catching . . . game or nongame fish."

The prosecution of defendants originated in the Inferior Court of Washington County, and from a conviction there, appeal was taken to the Circuit Court.

The original affidavit filed in the Inferior Court reads:

"THE STATE OF ALABAMA, WASHINGTON COUNTY

"Personally appeared before me, W. E. Miller, Clerk of Inferior Court, in and for said County Hulon Davis who being by me duly sworn on oath says that Gene Whitehead, did have in his possession an electrical device or other instrument on the bank of a public stream or public body of water or in a boat in such water which is capable of taking, catching, stunning or killing fish (1951 Gen. Acts. page 1384, Act. No. 786.)

"/s/ Hulon Davis

"Subscribed and sworn befoe [sic] me this 8th day of July, 1974.

"/s/ W. E. Miller
"Clerk of Inferior Court."

The affidavits against both defendants whose cases are here on appeal and consolidated are the same except separate names are inserted.

This affidavit does not charge any offense under the Act named in the affidavit, supra. This law does not make it an offense for possessing such device, but only makes its possession under designated circumstances prima facie evidence of any offense, namely, the use of such device for catching, killing or stunning fish.

The information filed by the District Attorney in circuit court, purports to

**116**

charge defendants with using the device to catch or stun fish.

This information is a complete departure from the affidavit and should have been stricken on motion filed by defendants. Horn v. State, 22 Ala.App. 459, 117 So. 283(3); Pierce v. State, 38 Ala.App. 97, 77 So.2d 507(3).

For failure of the original affidavits to state an offense, the judgments, the subjects of these consolidated appeals, are reversed and judgments are here rendered, discharging defendants from further prosecution in these proceedings.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Reversed and rendered.

All the Judges concur.