HARRIS, Judge.
Appellant was convicted in the Recorder’s Court of the City of Birmingham for soliciting for prostitution in violation of Section 43.3, General Code of the City of Birmingham, as amended by Ordinance 75-171. The Recorder assessed a fine of $20.00 and costs against appellant and as additional punishment the Recorder sentenced her to 90 days hard labor.
Appellant appealed this conviction to the Circuit Court of Jefferson County and demanded a trial by jury. Upon a trial de novo she was again convicted and the jury assessed a fine of $20.00 against her. As additional punishment the Court sentenced her to 150 days hard labor for the City of Birmingham.
Section 43.3 of the General Code of the City of Birmingham, as amended, reads as follows:
“No person shall solicit, invite or entice any person to have sexual intercourse or participate in any natural or unnatural sexual act for a monetary consideration or other thing of value.”
Appellant was put to trial in the Circuit Court of Jefferson County on the following complaint:
“Comes the City of Birmingham, a municipal corporation, and complains that Diane Yarbrough, within twelve (12) months before the beginning of this prosecution, on to-wit: October 20, 1976, and within the City of Birmingham, or the police jurisdiction thereof, at to-wit: 1400 23rd Street North, apt. F., unlawfully solicited, invited, or enticed Larry Pitts and/or Danny Johnson, a person or persons to have sexual intercourse or participate in any natural or unnatural sexual act for a monetary consideration or other thing or (sic) value, contrary to and in violation of Section 43.3 of the General Code of the City of Birmingham, Alabama, 1964, as amended.”
Appellant filed the following motion to quash the complaint:
“Comes now the defendant Dianne Yarb-rough by and through her attorney of record and moves this honorable court to quash or set aside the complaint filed against her by the City of Birmingham, and as grounds therefor state:
“1. The complaint fails to allege any offense against the State of Alabama or the City of Birmingham.
“2. The complaint is vague and indiffin-ite (sic) as to who this defendant was to have solicited, invited or enticed.
“3. The complaint alleges two possible offenses in one complaint.
“4. The complaint fails to allege that the defendant was over 18 years of age at the time of the commission of the offense and within the jurisdiction of any court other the Juvenile Court of Jefferson County.”
This motion was overruled.
The sufficiency of the evidence is not presented to this Court for review. The facts are undisputed. Appellant did not testify nor did she offer any evidence in her behalf.
The evidence adduced by the City of Birmingham was that on October 20, 1976, Danny Wayne Johnson, a police officer for the City of Bessemer, was called by an officer with the Vice Squad of the City of Birmingham to accompany Officer Larry Pitts to an apartment located at 1400 Twenty-third Street, North, Apartment F. in the City of Birmingham. Pitts was also an officer employed by the City of Bessemer at the time he and Johnson went to the above mentioned apartment but, at the time of appellant’s trial, he was in the employ of the Sheriff’s Department of Jefferson County. Johnson was the only witness who testified for the City and we will summarize so much of his testimony as is necessary to show the offense charged against appellant as laid in the complaint.
Johnson stated that, prior to going to the address at 1400 Twenty-third Street, he and Officer Pitts met Sergeant Holton, Police Officer Paul Nichols and a Ms. Bice who were all members of the Birmingham Police Department assigned to the Vice Detail. He stated that Sergeant Holton gave him and Pitts $100.00 and they split the money *78 between them; that Sergeant Holton also gave Officer Pitts a transmitting device which he strapped around one of his legs. When they arrived at the apartment and knocked on the door they were met by a black woman who invited them into the apartment. They had a conversation with her and she left the room. They waited fifteen or twenty minutes and appellant and another woman came to the apartment. Appellant, the other woman, Officers Johnson and Pitts all went into a back bedroom suite. Appellant then told Johnson that she would commit an unnatural act on him or do anything else he wanted to do for $40.00. Johnson took out his billfold and opened it and appellant took $40.00 from the billfold. Appellant then removed her blouse and blue jeans but still had on her panties. She was not wearing a bra. Johnson then took off his shirt and shoes and was in the process of removing his trousers when Officer Pitts announced that appellant and the other woman were under arrest for “soliciting for prostitution.” Officer Pitts, using the transmitter, said, “Come on up, Paul.” In two or three minutes Officers Holton, Nichols and Bice entered the room, took custody of the women and transported them to the City jail.
There was no motion to exclude the City’s evidence; there was no request for the affirmative charge; there was no motion for a new trial, and no exceptions were reserved to the oral charge of the court. In this state of the record nothing is presented to this Court for review. Ala.Dig.Crim. Law, Key No. 1044(1).
Title 62, Section 654, Code of Alabama 1940, confers on the City of Birmingham the full measure of the State’s police power to provide for the safety, preserve the health, promote the prosperity, improve the morals, orders, comforts and convenience of the inhabitants of the City, and prevent and punish injuries and offenses to the public therein. Jefferson County v. City of Birmingham, 256 Ala. 436, 55 So.2d 196; Cavu Club v. City of Birmingham, 269 Ala. 46, 110 So.2d 307; Holloway v. City of Birmingham, 55 Ala.App. 568, 317 So.2d 535.
It was under this broad police power that the City promulgated Section 43.3, supra, and this ordinance does not supersede or contravene State law. There was no error in overruling appellant’s motion to quash the City’s complaint.
Appellant contends the trial court exceeded its authority in two instances, (1) by reinstating the judgment in the Recorder’s Court and sentencing appellant to four days hard labor for failing to pay the fine and costs in that court, and (2) ordering the State to recover the costs of feeding the appellant while in jail. We are in full accord with these two contentions made by appellant.
Appellant also contends that the trial court was without authority to sentence appellant to an additional term of 150 days hard labor for the City of Birmingham. We disagree with this contention.
In Guin v. City of Tuscaloosa, 21 Ala.App. 61, 106 So. 64, 66, certiorari denied, 213 Ala. 685, 106 So. 67, the Court held that a “trial de novo” means that the Circuit Court “assumes control of the case afresh or anew with all the powers, privileges, duties, responsibilities, and authority that was vested by law in the recorder while the case was pending in said recorder’s court.” A trial de novo means that the slate is wiped clean and a trial in the Circuit Court is had without any consideration being given to prior proceedings in another court.
When a case is appealed to the Circuit Court for a trial de novo the judgment in the Recorder’s Court is only a step toward the jurisdiction of the Circuit Court and such judgment is of no effect if the Circuit Court makes final disposition of the case. The judgment of the Recorder’s Court is reinstated by the Circuit Court only where the appeal is dismissed. Anthony v. City of Birmingham, 240 Ala. 167, 198 So. 449.
A defendant is not liable for the cost of food while incarcerated. The costs of *79 feeding prisoners confined to jail are payable by the State. Title 45, Section 144, Code of Alabama 1940, as last amended, Ex parte State, 121 Ala. 327, 25 So. 563.
The additional punishment of 150 days hard labor imposed on appellant by the court was authorized by Title 37, Section 455, Code of Alabama 1940, and Title 62, Section 654. of said Code. Guin v. City of Tuscaloosa, supra.
The judgment of the Circuit Court of Jefferson County, to the extent that the judgment of the Recorder’s Court was reinstated and the costs of feeding appellant while in jail were ordered to be recovered, must be treated as surplusage. In all other respects the judgment is affirmed. Osner v. State, 54 Ala.App. 520, 310 So.2d 241, certiorari denied, 293 Ala. 769, 310 So.2d 247.
AFFIRMED.
All the Judges concur.