A police officer placed appellant, Elmore N. Dison, III, under arrest for driving while under the influence. The appellant was convicted of this offense in district court and appealed his case de novo to circuit court. Counsel for the appellant then, for the first time, raised the issue that the DUI ticket given to the appellant after his arrest was not signed. When the point was made in circuit court that there was a failure to sign a traffic ticket, the court, at that time had the state trooper swear on the stand to the charge as set forth on the traffic ticket. The circuit judge wrote on the ticket that it was verified before him. At this point, counsel for the appellant submitted the case on the record. From a conviction in circuit court and the levy of a $200 fine, appellant brings this appeal. The sole issue is whether failure to sign the traffic ticket charging the appellant with driving while under the influence, occurring soon after his arrest, is a jurisdictional defect which will render the entire proceeding void. We think not.
Arrests may be made without there being a signed complaint and affidavit. The arresting officer did, in fact, charge the appellant with the offense of DUI, a misdemeanor committed in his presence. No warrant and affidavit are needed for a law enforcement officer to arrest the perpetrator of a misdemeanor done in his presence. Making out a ticket after the arrest is a mere formality. Failure to comply with this formality must be raised at a time when it can be corrected.
In Pierce v. State, 38 Ala. App. 97, 77 So.2d 507 (1954), writ denied, 262 Ala. 702, 77 So.2d 512 (1955), a case where there was not a signed affidavit, the Court of Appeals stated the following:
 ". . . the affidavit is no substantial part of the solicitor's complaint, and is merely to insure good faith in instituting the prosecution. It must be deemed as analogous to the verification of a common law information. The absence of a verification to a common law information does not render it void or deprive a court of jurisdiction, and a failure to verify can be corrected at any time before trial, or in the absence of a showing that the accused has been prejudiced, at any time during the trial. See 42 C.J.S. Indictments and Information, § 86, page 948. "The appellants having failed to challenge the solicitor's complaints at any time in the proceedings below, and the complaints not being void but at most only formally defective, and therefore amendable if questioned, they must be deemed to have waived such defect and their challenges now come too late. See Nicholas v. State, 32 Ala. App. 574, 28 So.2d 422."
We do not agree that the case quoted above relied entirely on Title 13, Sec. 346, Code of Alabama 1940, for its rationale. Neither do we agree that Sparks v. State, 39 Ala. App. 517,104 So.2d 764 (1958), specifically overruled the principles set out in Pierce, supra.
We find that the court did not err in the procedure followed and that this case is due to be affirmed.
AFFIRMED.
All the Judges concur.