469 So.2d 662 (1984)
Ex parte Elmore N. DISON III.
(Re: Elmore N. DISON III v. STATE.)
83-836.
Supreme Court of Alabama.
November 16, 1984.
Rehearing Denied February 8, 1985.
*663 Arthur Parker, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., and Richard L. Owens, Asst. Atty. Gen., for respondent.
BEATTY, Justice.
This Court granted certiorari in order to respond to the following legal question: Whether an appeal from a conviction of a misdemeanor in district court upon an unsworn DUI ticket and complaint gives the circuit court jurisdiction in a trial de novo and allows the circuit court to verify the complaint, or whether a subsequent judgment of conviction in circuit court is void.
Appellant Dison was arrested by a state trooper on December 24, 1982, and given a ticket for driving under the influence of alcohol. The arresting officer signed the ticket and complaint, but it was not sworn to and acknowledged by a judge or magistrate prior to or during the district court proceedings. Dison was tried in the district court of Jefferson County on February 22, 1983, and found guilty and fined $200. He appealed to the circuit court, where the district attorney filed a separate complaint.
Dison moved to dismiss the complaint on the ground that the district court judgment was void as based on a complaint without the affidavit. The circuit court judge denied the motion, and then the judge signed the verification portion of the original ticket after having the arresting officer take the stand and swear to the charge. Dison was found guilty and again fined $200.
On March 20, 1984, the Court of Criminal Appeals affirmed Dison's conviction, and, on April 24, 1984, overruled his application for rehearing. 469 So.2d 661. That court also overruled his Rule 39(k), A.R.A.P., motion directed to what he contends was the misconstruction of the facts by the Court of Criminal Appeals in that the language in that court's opinion seemed to imply that the state trooper failed to sign the ticket, when, in fact, the ticket was signed, but not verified by the district court. The record supports the allegations of petitioner's motion.
A perusal of the authorities leads to the conclusion that the Court of Criminal Appeals erred in affirming petitioner's conviction under these facts.
The manner of a court's obtaining jurisdiction was discussed in Kyser v. State, 22 Ala.App. 431, 432, 117 So. 157, 158 (1928):
"Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. This to the end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. *664 Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or authorized information, or complaint supported by oath, is essential to complete jurisdiction, and cannot be waived." (Emphasis added.)
In Slater v. State, 230 Ala. 320, 162 So. 130 (1935), a misdemeanor complaint lacking specificity in the affidavit as to the violation charged was attacked. The accused appealed a county court conviction to circuit court, where the accused was again convicted. This Court held on appeal that the affidavit and warrant were void for failing to allege an offense, and added:
"We are impelled to hold that a blanket charge of violation of the prohibition law of Alabama as it now exists does not designate any distinct or specific offense by name or as known in common parlance. It is equally applicable to any one of numerous distinct offenses, some misdemeanors, some felonies, each depending on its own state of facts. A charge of violating the law of the road, or the public health laws, would be equally specific. We must, therefore, hold the affidavit void.

"This want of an affidavit, the initial step in the prosecution, goes to the jurisdiction of the court. The court must take notice ex mero motu....
"A complaint filed by the solicitor in the circuit court on appeal from a conviction in the county court in such case will not suffice to give the circuit court jurisdiction...." (Emphasis added.) (Citations omitted.) 230 Ala. at 322, 162 So. at 132.
Leonard v. State, 52 Ala.App. 212, 290 So.2d 673 (1974), is to the same effect. In Leonard, the accused was charged under an unverified complaint filed in the county court. After his conviction in the county court, he appealed to the circuit court, where he was again convicted. The Court of Criminal Appeals reversed his conviction, stating at 52 Ala.App. at 213, 290 So.2d at 674:
"We held in Hawkins v. State, 20 Ala. App. 285, 101 So. 514 [1924], as follows:
"`* * * The only manner provided by law for the commencement of a prosecution in this state is by the finding of an indictment or by the swearing out a warrant based upon probable cause of the officer issuing same. The statute provides a party aggrieved, or desiring to bring a charge of misdemeanor before the county court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest, and, upon making affidavit in writing that he has probable cause for believing, and does believe, that an offense (designating the misdemeanor by name, or by some other phrase which in common parlance designates it) has been committed in said county by the accused on the person or property, as the case may be, of A.B. (naming the person injured), then the judge of said court or the justice of the peace shall examine the affiant under oath and other witnesses, if he so desires, touching the offense charged in the affidavit, and, if the court or justice of the peace has probable cause for believing that the offense alleged in the affidavit has been committed, he shall issue his warrant of arrest. Code 1907, § 6703. (Now Title 13, § 327, Recompiled Code 1958)'
"We also held in Wetzel v. State, 27 Ala.App. 517, 176 So. 224(3) [1937], cert. den. 234 Ala. 610, 176 So. 226, as follows:
"`That part of the Solicitor's complaint filed in the circuit court charging the carrying of a pistol on premises not his own, not being sustained by an affidavit as provided by section 3815 of the Code of 1923 (Now Title 13, § 327, Recompiled Code 1958), is void, and would not support a conviction. Hawkins v. State, 20 Ala.App. 285, 101 So. 514.'"
And, in Sparks v. State, 39 Ala.App. 517, 104 So.2d 764 (1958), the Court of Appeals held that a form which purported to be an affidavit, but which lacked the name of an affiant and a subscription, was no affidavit *665 at all, and there being no affidavit, the charge against the accused was unsupported. "Being still-born," that court remarked, "amendment cannot breathe life into it." See also Dennis v. State, 40 Ala. App. 480, 115 So.2d 125 (1959).
The respondent cites us to Pierce v. State, 38 Ala.App. 97, 77 So.2d 507 (1954). It is true that the language of Pierce made the affidavit no substantial part of the solicitor's complaint, therefore holding that its absence did not render the complaint void or deprive the court of jurisdiction. Moreover, the respondent argues that the petitioner here waived the defect complained of by failing to object thereto in district court, citing Pierce, supra, and Nicholas v. State, 32 Ala.App. 574, 28 So.2d 422 (1946). Nicholas, however, was based upon two bastardy prosecutions in which written complaints were not required, the duty of the inferior court having been limited to finding probable cause and certifying the case to circuit court. Cf. Laney v. State, 109 Ala. 34,19 So. 531 (1896). Nicholas, in addition, relied on Title 13, § 346, Code of 1940, which regarded as amended on appeal any amendable imperfections or inaccuracies in inferior proceedings. This section was repealed by Acts of Ala. 1975, No. 1205, § 4-134.
Cf. also Temporary Rule 16.2(d)., A.R. Crim.P.:
"The lack of subject matter jurisdiction or the failure of the charge to state an offense may be raised by the court or by motion of the defendant at any time during the pendency of the proceeding...." (See Comment which explains that subject matter jurisdiction, such as a sworn complaint, cannot be waived; however, personal jurisdiction may be waived.)
Respondent also argues that petitioner's appeal to the circuit court was via a trial de novo: It cites Yarbrough v. City of Birmingham, 353 So.2d 75, 78 (Ala. Crim.App.1977), for the proposition that:
"A trial de novo means that the slate is wiped clean and a trial in the Circuit Court is had without any consideration being given to prior proceedings in another court."
Yarbrough itself, however, recognized that the inferior court's judgment was "a step toward the jurisdiction of the Circuit Court." Although the slate is wiped clean, in a sense, our decisions have not allowed a subsequent district attorney's complaint to be sufficient to confer jurisdiction upon the circuit court without resting upon a charge supported by affidavit. Horn v. State, 22 Ala.App. 459, 117 So. 283 (1928). Indeed,
"[m]ere inaccuracies or imperfections in the proceedings before the county court cannot be taken advantage of on appeal to the circuit court, where the trial is de novo, but this rule cannot be extended so as to authorize the arrest of a person, and subject him to a prosecution in the circuit court upon a mere statement of the solicitor, unsupported by an affidavit which charges an offense, and which affidavit is insufficient to authorize the issue of a warrant of arrest...." Miles v. State, 94 Ala. 106, 107, 11 So. 403 (1892).
And, when the initial affidavit in a misdemeanor case is not merely irregular, but void, it will not support the filing of a sufficient information or complaint by the district attorney for a trial de novo in circuit court. Sellers v. State, 55 Ala.App. 114, 313 So.2d 542 (1975); Slater, supra.
We observe that our judicial decisions on the question before and since Pierce v. State, supra, i.e., Sparks, supra; Dennis, supra; and Leonard, supra, have applied the correct principle. To the extent that Pierce, supra, is contrary to those decisions, it is expressly overruled.
It follows from the authorities cited above that the circuit court did not have jurisdiction in petitioner's trial de novo because the district court judgment was void as being based upon an unverified complaint. Hence, petitioner's conviction in circuit court was itself void. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and this cause is remanded to *666 that court for an order consistent with this opinion. It is so ordered.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.

ON APPLICATION FOR REHEARING
BEATTY, Justice.
APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
I did not participate in the opinion of the Court on original deliverance, because I did not sit during the oral arguments, but in view of the gravity of the majority's opinion, I now take this opportunity, on the State's application for rehearing, to register my dissent and express why the overruling of Pierce v. State, 38 Ala.App. 97, 77 So.2d 507 (1954), cert. den., 262 Ala. 702, 77 So.2d 512 (1955), is not required. In Pierce, then-Judge Harwood opined:
"It is true that a solicitor's complaint must rest upon a charge supported by an affidavit. Usually the affidavit filed in the inferior court from which the appeal is taken serves this purpose. Horn v. State, 22 Ala.App. 459, 117 So. 283 [1928].
"However, the affidavit is no substantial part of the solicitor's complaint, and is merely to insure good faith in instituting the prosecution. It must be deemed as analogous to the verification to a common law information. The absence of a verification to a common law information does not render it void or deprive a court of jurisdiction, and a failure to verify can be corrected at any time before trial, or in the absence of a showing that the accused has been prejudiced, at any time during trial. See 42 C.J.S., Indictments and Informations, § 86, p. 948.
"The appellants having failed to challenge the solicitor's complaints at any time in the proceedings below, and the complaints not being void but at most only formally defective, and therefore amendable if questioned, they must be deemed to have waived such defect and their challenges now come too late. See Nicholas v. State, 32 Ala.App. 574, 28 So.2d 422."
In Champion v. State, 39 Ala.App. 10, 95 So.2d 803 (1957), cert. den., 266 Ala. 696, 95 So.2d 804 (1957), Judge Harwood wrote:
"This appellant was found guilty in the County Court of Calhoun County upon his trial on a complaint charging him with the possession of prohibited beverages. Thereafter he perfected his appeal to the Circuit Court of Calhoun County.
"In the circuit court the appellant entered a plea of guilty, and judgment was duly entered upon such plea.
"The appellant then perfected his appeal to this court, which affirmed the judgment of the circuit court, no opinion being written by this court.
"The appellant has not filed an application for rehearing, and counsel urge that the complaint is void and therefore no legal judgment could be entered upon it.
"The complaint in the county court was as follows:
"`The State of Alabama
"`Calhoun County
"`Before me, J.B. Holman, Judge of Calhoun County, personally appeared ______ who, being duly sworn, deposes and says he has probable cause for believing and does believe that in said State and County, and before making this affidavit Ralph B. Champion did have in his possession beverages prohibited by law against the peace and dignity of the State of Alabama.
 "`L.C. Marshall
"Sworn to and subscribed before me, this 18 day of Jan., 1956.
 "`M.S. Nelson
 "`Clerk of Calhoun County
 Court.'
*667 "It is to be noted that the name of the complainant is left blank in the face of the complaint, though it is signed by L.C. Marshall. We pretermit discussion of the validity of the complaint in this form, for it is clear that the doctrine stated in Nicholas v. State, 32 Ala.App. 574, 28 So.2d 422, 424 [1946], necessitates a denial of appellant's motion for a rehearing, said doctrine being set forth as follows:
"`Where a defendant does not, before a justice, or in this case before a recorder, raise any objection to the sufficiency of the warrant or affidavit, he will not be heard to raise it on appeal to the Circuit Court, for the reason that the affidavit and warrant were amendable, and if objection had been made before the justice or recorder, the insufficiency could have been cured. Smith v. State, 73 Ala. 11; Laney v. State, 109 Ala. 34, 19 So. 531.
"`The above principles are reflected in and fortified by the provisions of Section 346 of Title 13, Code of Alabama, 1940, as follows:
"`"It shall be no objection to the proceedings of the county court, either in that court or elsewhere, that they are imperfect or inaccurate; and when its proceedings are reviewed on appeal or certiorari, all amendable errors shall be regarded as amended, so as to present only the substantial inquiry of the guilt or innocence of the accused."'
"Application denied."
Although Title 13, § 346, Code of 1940, which regarded as amended on appeal any amendable imperfections or inaccuracies in inferior proceedings, was repealed by Acts of Ala.1975, No. 1205, § 4-134, I do not believe the absence of a verification of the traffic ticket rendered it void. As Judge Harwood, who later served on this Court, stated in Pierce, supra:
"The absence of a verification to a common law information does not render it void or deprive a court of jurisdiction...." (Emphasis added.)
Temporary Rule 16.2(d), Ala.R.Crim.P., which provides that a question of subject matter jurisdiction can be raised at any time, does not apply. The majority quotes the substance of this rule in its opinion and states: "See Comment which explains that subject matter jurisdiction, such as a sworn complaint, cannot be waived; however, personal jurisdiction may be waived." The Comment to Temp. Rule 16.2(d), Ala.R. Crim.P., does not make any reference to the words "such as a sworn complaint," which appear in the majority opinion, so I interpret the majority's reference to be an interpretation of the words "subject matter jurisdiction." A district court has jurisdiction to try traffic offenses such as the one involved here; therefore, I disagree with the majority's interpretation of the words "subject matter jurisdiction."
I am mindful of our state's constitutional provision that the accused is entitled "to demand the nature and cause of the accusation; and to have a copy thereof." Sec. 6, Ala. Const., 1901. Here, the defendant had a statement of "the nature and cause of the accusation"; it just was not verified. The lack of a verification, in my opinion, was an amendable defect, and did not make the accusation void, nor deprive the court of subject matter jurisdiction. Consequently, I respectfully dissent.