Appellant, Gregory Lynn Smith, was arrested for driving under the influence of alcohol (D.U.I.) in violation of § 32-5A-191, Code of Alabama 1975. The Montgomery County District Court found appellant guilty as charged on September 13, 1983. Appeal was made to Montgomery County Circuit Court, where appellant demanded a trial by jury. On January 26, 1984, a Montgomery County jury found appellant guilty as charged. The trial court imposed sentence on February 9, 1984, fining appellant $250 plus court costs; instructing him to attend D.U.I. school; and ordering him to view pictures of D.U.I. fatalities and accidents. This appeal followed.
On August 10, 1983, Trooper Glen D. Morse observed a jeep, driven by appellant, cross the median from the southbound lane of I-65 onto the northbound lane, near the Alabama River Bridge. Appellant proceeded to the Northern Bypass, exited at 6th Street, and stopped at the marina near the 6th Street exit. Trooper Morse was not able to clock appellant's speed and appellant was not aware of Trooper Morse's presence until he reached the marina. Appellant was cooperative in all respects. Trooper Morse observed that appellant had "glassy eyes" and detected the odor of alcohol about appellant's person. Trooper Morse asked if he had been drinking, to which appellant responded affirmatively. A field breath test was administered and appellant "failed" the test. Appellant was transported to trooper headquarters and a photo-electric intoximeter (P.E.I.) test was administered which indicated that appellant had a 0.10 blood alcohol level at the time of testing.
According to appellant, he and two other persons had been skiing that afternoon on the river. He admitted to consuming between three and four beers. Appellant stated he crossed the median because he had left his beeper, cigarettes, and wallet on the boat and was returning by the shortest possible route to retrieve them. Appellant contended that he was not intoxicated and that his driving was not impaired.
 I
Appellant contends that the judgment of the trial court is void because the Alabama Uniform Traffic Ticket and Complaint (hereinafter referred to as A.U.T.T.C.) does not bear the "sworn to" portion as required by the Alabama Supreme Court's recent decision in Dison v. State, 469 So.2d 662 (Ala. 1984).
Appellant raises this jurisdictional question for the first time on appeal. The State contends appellant waived the right to contest the validity of the complaint by failing to object below. Temporary Rule 16.2 (d), A.R.C.P. states in pertinent part: "The lack of subject matter jurisdiction . . . may be raised by the court or by motion of the defendant at any time during the pendency *Page 1367 
of the proceeding." See also City of Birmingham v. Reed,35 Ala. App. 31, 44 So.2d 607, cert. denied, 253 Ala. 414,44 So.2d 614 (1949).
The record on appeal did not contain a copy of the A.U.T.T.C. Appellant appended a copy of the A.U.T.T.C. which he received when the citation was issued. This copy, denominated as "CITATION DEFENDANT'S COPY," does not provide for the "sworn to" portion discussed in Dison. On this court's motion, pursuant to Rule 10 (f), A.R.A.P., we have supplemented the record on appeal with a certified copy of the charging instrument from district court, A.U.T.T.C. Number 0006851. This copy, denominated "COMPLAINT AND AFFIDAVIT COURT RECORD COPY", is sworn to and acknowledged as required by Dison. The fact that the citation received by appellant omitted the "sworn to" portion does not affect the court record copy, which was properly sworn to and acknowledged, thus grounding proper jurisdiction in the district court. We, therefore, find that no violation of Dison has occurred, and appellant's contention to the contrary is without merit.
 II
Appellant secondly contends that he was entitled to a Miranda
warning prior to Trooper Morse's asking if appellant had been "drinking." Appellant argues that his affirmative response to this question led to his detention, arrest, and jailing for D.U.I. Relying on the United States Supreme Court's recent opinion in Berkemer v. McCarty, ___ U.S. ___, 104 S.Ct. 3138,82 L.Ed.2d 317 (1984), appellant contends that "once the officer determined that his inquiries of Mr. Smith would go beyond questions regarding the median crossing, the Miranda
issue arose and Mr. Smith was entitled to those protections."
It is, of course, true that McCarty holds that "a person subjected to custodial interrogation is entitled to the benefit of the procedural safeguards enunciated in Miranda, regardless of the nature or severity of the offense of which he is suspected or for which he was arrested." McCarty, ___ U.S. at ___, 104 S.Ct. at 3148. The Court, however, went further and also considered "whether the roadside questioning of a motorist detained pursuant to a routine traffic stop should be considered `custodial interrogation.'" Id. The Court held that roadside questioning did not amount to a custodial interrogation for the purpose of Miranda. 104 S.Ct. at 3151. Roadside questioning was deemed to be "more analogous to a so-called `Terry stop,' see Terry v. Ohio, 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), than to a formal arrest," id., thus allowing the officer to "ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions. But the detainee is not obliged to respond."104 S.Ct. at 3150-51. The Court continued, stating that if a motorist is subsequently "subjected to treatment that renders him `in custody' . . . he will be entitled to the full panoply of protections prescribed by Miranda." 104 S.Ct. at 3151.
The question is, therefore, whether appellant was "in custody" when Trooper Morse asked if he had been drinking. We answer in the negative.
It is apparent from the record that appellant was stopped pursuant to a routine traffic stop, initiated by his crossing the median, which constituted an improper use of a divided highway. Trooper Morse asked if appellant had been drinking, and appellant responded affirmatively. Trooper Morse then asked if appellant would submit to a field breath test, to which appellant agreed. Appellant failed the breath test, and it is at this point that "a reasonable man in the suspect's position would have understood" that he was in custody. McCarty104 S.Ct. at 3152. We conclude that appellant was not "in custody" for purposes of Miranda until after he failed the field test and Trooper Morse informed appellant that he would be taken to the Public Safety Office where a P.E.I. test would be administered. The facts of the case sub judice are somewhat similar *Page 1368 
to the facts of McCarty, where the same result was reached. We, therefore, hold that under the facts of this case, no Miranda
violation occurred.
 III
Appellant's third contention is that the defense overcame the presumption of intoxication and a guilty verdict was clearly erroneous. Appellant relies on § 32-5A-191 (a), Code of Alabama 1975, which reads:
 "[A] person shall not drive or be in actual physical control of any vehicle while:
". . .
 "(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him incapable of safely driving."
Appellant contends that the evidence does not support an inference that appellant was incapable of safely driving his vehicle.
Appellant's contention is without merit. The evidence clearly established that he was driving his vehicle while there was "0.10 percent . . . by weight of alcohol in his blood," in violation of § 32-5A-191 (a)(1). The State, therefore, properly proved that appellant was driving under the influence of alcohol in violation of the cited statute.
For the foregoing reasons, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.