LEIGH M. CLARK, Retired Circuit Judge.
A jury found this appellant guilty of driving a motor vehicle while under the influence of alcohol, as proscribed by Code of Alabama 1975, § 32-5A-191 (1984 Supp.); the trial court adjudged him guilty and fixed his punishment at a fine of $250 and entered an order requiring him to attend the D.U.I. school. In due course, the case was submitted to this Court on briefs of counsel for the parties that presented interesting legal issues, but before a decision was made as to such issues, the attorney for appellant filed an “ADDENDUM TO BRIEF OF APPELLANT,” with the following “ARGUMENT AND CONCLUSION”:
“The Defendant’s conviction in the Circuit Court was void and his conviction should be reversed based on the Supreme Court’s decision and the authorities cited in Elmore N. Dison, III, vs. State of Alabama [469 So.2d 662] Supreme Court of Alabama Case No. 83-836, November 16, 1984. The want of an affidavit, the initial step in the prosecution, goes to the jurisdiction of the court.”
The opinion of this Court, the opinion of the Alabama Supreme Court reversing the judgment of this Court, and the opinion of this Court, after remandment, reversing and remanding to the trial court, are now reported in 469 So.2d, at pages 661, 662, and 667, respectively.
The record in the instant case discloses that the prosecution was not based upon an indictment by the grand jury, nor upon any affidavit or verified complaint, but solely upon the unverified complaint signed by the Jefferson County District Attorney. What was held in Dison has been subsequently followed in a number of opinions, including Graves v. City of Athens, 472 So.2d 720 (Ala.Cr.App.1985), per Judge Tyson.
The judgment of the trial court should be reversed and the cause remanded for appropriate action.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.