McMILLAN, Judge.
From a conviction for the offense of driving under the influence of drugs or alcohol, this appeal follows. Under the authority of Ex parte Dison, 469 So.2d 662 (Ala.1984), appellant’s conviction is reversed and the cause is remanded.
On June 14, 1984, the appellant was found guilty in the Municipal Court of the City of Birmingham of the offense of “driving or physical control of vehicle while under the influence of alcohol or controlled substance” in violation of the Birmingham General City Code § 10-8-1 et seq., as amended. This conviction was appealed to the Jefferson County Circuit Court and, on November 18, 1984, the appellant entered a plea of guilty before the Honorable Michael McCormick, Jefferson County District Judge. On appeal, the following argument is made: “The sole issue before this court is whether the judgment of the municipal court was void, thereby creating a lack of circuit court jurisdiction.”
Appellant argues that, under the authority of Ex parte Dison, 469 So.2d 662 (Ala.1984), appellant’s conviction should be set aside because the “sworn to” portion of the Alabama Uniform Traffic and Complaint was not “sworn to” by a judge or magistrate. Under the authority of Dison and its progeny, this issue is decided in favor of the appellant. This court has previously held that Dison would apply to “all law enforcement agencies and courts of this state,” including “municipal law enforcement agencies and municipal courts.” (Emphasis in original.) Gandy v. City of Birmingham, 478 So.2d 11 (Ala.Cr.App.1985). Thus, appellant’s conviction is due to be reversed and this cause remanded.
REVERSED AND REMANDED.
All the Judges concur.