I dissent in part because I want to state clearly my views concerning the outcome of this case. Although the facts in this case are somewhat different from those in Ex parte Dison,469 So.2d 662 (Ala. 1984), the bottom line is that the class of plaintiffs in the instant case was required to go to trial or plead guilty without a properly verified complaint. This is absolutely forbidden by law, and the trial court did not have jurisdiction to enter its orders under the facts in this case. That being the case, the convictions of the plaintiff class members should be held for naught and expunged from the records of the trial court. I concur in the Court's conclusion that even though the plaintiff class did not prevail, the plaintiffs' attorney performed a great service to the State of Alabama in correcting an evil that went to the very heart of American jurisprudence. It appears that the plaintiffs' attorney had to incur expenses for notification of the members of the class and obviously spent a great deal of time in achieving the result in this case. In addition to the cases cited by the majority, namely, Reynolds v. First Alabama Bankof Montgomery, N.A., 471 So.2d 1238 (Ala. 1985), and Peebles v.Miley, 439 So.2d 137 (Ala. 1983), see, also, Parham v.Southwestern Bell Telephone Co., 433 F.2d 421, 429-30 (8th Cir. 1970), for a case reaching a result similar to that reached here regarding attorney fees. The mere fact of the plaintiff's not creating a fund from which a fee could be paid should not be a bar to awarding an appropriate attorney fee where the efforts of the plaintiff's counsel have corrected a wrong that may not have been corrected but for his efforts.
JONES and ALMON, JJ., concur.