In Brown v. State, 565 So.2d 585 (Ala. 1990) ("Brown II"), I expressed, in a dissenting opinion, the reasons why I thought that attorney fees should not be awarded in this case. I desire to add additional reasons why I think that the awarding of attorney fees in this case is inappropriate. Statement in BrownII that Litigation Caused Change In Practice of HandlingTraffic Tickets Not Supported in Record
In the opinion in Brown II this Court stated as a basis for the award of attorney fees that "[t]his litigation clearly resulted in a benefit to the general public," because "[i]t is unquestionable that plaintiffs' attorneys rendered a public service by bringing an end to an improper practice," and that "[t]he public nature of the services rendered by these lawyers justifies an award of attorney fees."
The inference from that statement in the majority opinion inBrown II is that the filing of this lawsuit was what caused the change in the practice used in Montgomery County to verify traffic tickets. With all due respect to the majority, I must point out that there was no evidence in the record that was before the Court in Brown II to support that finding. Thisrecord shows affirmatively that it was not this lawsuit that caused the practice to change, but the release of this Court's opinion in Ex parte Dison, 469 So.2d 662 (Ala. 1984), which was released before this case was filed,[3] and was later overruled by City of *Page 1261 Dothan v. Holloway, 501 So.2d 1136 (Ala. 1986).
 Opinion Fails to Address an Issue Raised on this Appeal
I wish to make one further point. The State of Alabama, by and through the attorney general, raised in the trial court, and in this Court, a constitutional issue of the right of this Court to award attorney fees against the State of Alabama, in view of the provisions of Section 14 of the Constitution of Alabama, 1901.[4] Unfortunately, the Court has elected not to address this important constitutional question, by stating that it is an issue that was decided adversely to the State on original deliverance and on rehearing, and that the State is attempting to raise the issue for a second time. I believe the Court is mistaken in thinking that the constitutional issue was raised in the State's application for rehearing in Brown II. I have checked the original briefs and the application for rehearing in that case, and I conclude that the constitutional issue was not raised. Normally, this Court will address a constitutional claim that is properly raised in the trial court. Delview Meadow Gold Division Beatrice Foods Co. v.Alabama Dairy Comm'n, 383 So.2d 511 (Ala. 1978).
Based on the foregoing reasons, I dissent.
STEAGALL, J., concurs.
[3] The State of Alabama filed a motion for summary judgment inBrown II and for a denial of attorneys' fees, on the grounds that "[t]he State of Alabama is immune from the award of attorney's fees, pursuant to Article I, Section 14, Constitution of Alabama, 1901," and that "[t]he defendants are entitled to summary judgment as a matter of law, because the undisputed facts show that the District Court of Montgomery County began to properly verify UTTCs in accordance with the decision in Ex parte Dison, 469 So.2d 662 (Ala. 1984), [when] the Clerk of the District Court learned of the decision inDison on November 28, 1984, more than two months before the [instant] lawsuit was filed." The State attached affidavits of the district court clerk, the circuit court clerk, certified copies of "Legal Notes" from the Administrative Office of Courts, and certified copies of UTTCs.
[4] As shown in footnote 2, supra, the constitutional issue was raised in a motion for summary judgment, supported by affidavits and other evidence.