MURDOCK *v.* BABCOCK.

1. COVENANTS—SUPPLEMENTAL RESTRICTIONS—RECORDING OF PLAT.
    Second set of restrictions as to lands of a subdivision were sup-
    plemental to first set of restrictions where referred to in second
    set as supplemental to first set and the first set had not been
    vacated after having been recorded as required as condition
    precedent to recording the plat.

2. SAME—BUILDING RESTRICTION—VAGUENESS.
    It was error for trial court to deny injunctive relief against
    defendant subdividers on ground that restrictive covenants
    which they had imposed upon plat and incorporated in deed
    to plaintiffs and which required buildings on lots here in-
    volved to "be of the same character and general construction
    as the houses immediately east of said lots and located" in a
    designated village zoning district were so vague and general
    in character as to be meaningless, where such issue is in nowise
    presented by the pleadings.

3. SAME — DESIGN — CONSTRUCTION — VALUE — INJUNCTION —
   ZONING ORDINANCE.
    Record presented a question of fact as to whether defendants'
    proposed buildings complied with covenants they had imposed
    upon the subdivision and in plaintiffs' deed restricting resi-
    dences to those "of the same character and general construction
    as the houses immediately east," and required finding that pro-
    posed buildings would not comply, where houses to the east
    show distinct, individual design with markedly varied roof lines
    and a higher percentage of brick or brick veneer finish, have
    a larger floor area and are of substantially greater value and
    not of stock design; hence plaintiffs who had purchased prop-
    erty in the area subject to the restrictions were entitled to in-
    junctive relief enforcing them, notwithstanding proposed
    buildings comply with applicable zoning ordinance.

4. SAME—CONSTRUCTION OF RESTRICTION.
    Restrictive covenants ought not to be held meaningless or un-
    enforceable at behest of party who imposed them.

---

REFERENCES FOR POINTS IN HEADNOTES
[3, 6] 14 Am Jur, Covenants, Conditions and Restrictions, §§ 337,
    339.

5. SAME—ZONING ORDINANCE—MAINTENANCE OF SUIT.

Enforcement of building restrictions is not denied merely because proposed buildings conform to applicable zoning ordinance or because strangers to the cause have been instrumental in encouraging and aiding plaintiffs financially in bringing the suit to enjoin defendants from constructing houses not conforming to the restrictions.·

6. INJUNCTION—BUILDING RESTRICTIONS—SCOPE OF RELIEF.

Injunctive relief against construction or continuance of construction of not only the 2 houses already started but all other buildings not conforming to pertinent building restrictions is granted, where pleading and evidence shows 2 houses to be directly involved and that defendants have secured building permits for 4 others.

ON APPLICATION FOR REHEARING.

7. APPEAL AND ERROR—REMAND—JURISDICTION—BUILDING RESTRICTIONS.

On denial of motion for rehearing of suit to enjoin violation of building restrictions wherein decree appealed from is reversed, cause is remanded to trial court with jurisdiction to hear, determine and control all matters pertaining to violations of decree authorized pursuant to more detailed provisions as to value of residences built, livable floor space and appearance and design of adjacent dwellings.

Appeal from Wayne; Brennan (John V.), J. Submitted October 10, 1950. (Docket No. 42, Calendar No. 44,908.) Decided December 5, 1950. Rehearing denied April 3, 1951. See opinion, *post,* 135.

Bill by Gerald T. Murdock and wife against Charles W. Babcock and others to restrain construction of certain types of houses. Decree for defendants. Plaintiffs appeal. Reversed and decree for plaintiffs authorized.

*Shirley T. Johnson,* for plaintiffs.

*Leithauser & Babcock,* for defendants.

NORTH, J. By their suit plaintiffs seek to enjoin defendants from constructing 2 houses, one on lot

59, the other on lot 60 of Chas. W. Babcock's sub-division in the village of Grosse Pointe Farms, Wayne county, Michigan. Plaintiffs' claim to relief is on the theory that the proposed construction of these houses is in violation of an applicable building restriction covering this subdivision. After hearing on the merits a decree was entered dismissing plaintiffs' bill of complaint, and plaintiffs have appealed.

Plaintiffs are the owners of and occupy their residence located on lot 15 and part of lot 14 of the subdivision. The individual defendants, Charles W. Babcock and his wife, Maylou M. Babcock, are the practical owners and in full control of the defendant Home Engineering Company, a Michigan corporation, from which plaintiffs purchased their property. Likewise the C. W. Babcock Organization, Inc., a Michigan corporation, is controlled by defendants Babcock. For convenience we shall herein consider the case as one in which relief is sought against the Babcocks as individual defendants, they being the promoters of the Chas. W. Babcock subdivision. Owing to the fact that the streets and lots of this subdivision are not laid out in exact north and south directions or east and west directions, which has led to some confusion in the record and briefs herein, we shall denominate Moross road and Hillcrest avenue as east and west streets, and Chalfonte avenue and Piche avenue as north and south thoroughfares.

Prior to December 12, 1945, defendants, having purchased it as acreage, were the owners of the land in this Babcock subdivision. On December 12, 1945, defendants caused to be recorded a plat which had been approved by the proper authorities of the village of Grosse Pointe Farms; but such approval was granted upon *condition* that defendants should place on record certain restrictive covenants affecting the lots in the accepted plat, all of which at the time were owned by defendants. Accordingly the

Home Engineering Company did record such restrictions on the 13th day of December, 1945, the same being dated December 12, 1945. Among other provisions the restrictions contained the following:

"All residential buildings erected on lots east of Chalfonte avenue shall be of the same character and general construction as the houses immediately east of said lots and located in zone 'A' of the village of Grosse Pointe Farms zoning district (which is not in but lies next east of the Chas. W. Babcock subdivision). The above restrictions shall be known as the general restrictions covering said subdivision and may be incorporated in more specific restrictions at the time said land is ready for final development."

We shall hereinafter refer to the foregoing as the "A" restrictions. Nearly 3 years after the above restrictions were filed and in November, 1948, the Home Engineering Company, by its president Charles W. Babcock, executed and caused to be recorded in the Wayne county records certain so-called "Supplemental Restrictive Covenant of Charles W. Babcock Subdivision," from which we quote:

"Whereas, the undersigned is desirous of imposing a more specific set of restrictive covenants than the general restrictions covering the subdivision [referring to the 1945 so-called restrictive covenant], * * *

"And whereas, said undersigned is desirous of supplementing said recorded restrictions with certain objective clauses hereinafter set forth, * * *

"Witnesseth: * * *

"5. No building shall be erected, placed, or altered on any building plot in this subdivision until the building plans, specifications and plot plan showing the location of such building have been approved in writing as to conformity and harmony of external design with existing structures in the subdivision, and as to the location of the building with respect to topography and finished ground elevation, by a committee composed of Charles W. Babcock, James L. Babcock, and Maylou M. Babcock."

We shall hereinafter refer to the above noted 1948 restrictions as the "B" restrictions.

It was after the "A" and "B" restrictions were made matters of record and in January or February, 1949, that plaintiffs purchased their property from defendants for $25,000. The grounds upon which plaintiffs seek injunctive relief in this case are their claim that neither of the houses which defendants

propose to construct complies with the restrictive covenant above quoted that: "All residential buildings erected on lots east of Chalfonte avenue shall be of the same character and general construction as the houses immediately east of said lots;" and also that defendants propose to erect within the restricted area a row of what may be designated as "stock type houses" in violation of the restrictive provision which "contemplated the development of said subdivision as a high-class residential area and in particular contemplated that the area east of Chalfonte avenue shall be developed with larger and better homes than that west of Chalfonte avenue.",

We are not in accord with defendants' untenable contention that the "B" restrictions are the only restrictions applicable to the property, the same having supplanted the "A" restrictions; and that the record discloses no violation of the provisions of the "B" restrictions. In this connection it is to be noted that the provision in the "A" restrictions that residential buildings to be erected east of Chalfonte avenue shall be of the same character and general construction as the houses located immediately east thereof is not contained in the "B" restrictions. It is defendants' claim that since they were at the time the owners of all the lots in the restricted area they could modify the restrictions at will. Such contention is not tenable for the reason that the condition of defendants' recording the plat of this subdivision was that they should make of record the restrictions under consideration. And further, at the very outset in restrictions "B" defendants referred to such restrictions as "supplementing said recorded restrictions," referring to the "A" restrictions. And still further, the original "A" restrictions were at the time of plaintiffs' purchase a matter of record, never having been vacated.

Although the issue is in nowise presented by the pleadings, defendants make the further contention that the restrictive covenants upon which plaintiffs rely "are meaningless because of their vagueness and uncertainty." In our opinion such a defense cannot be urged by these defendants who sold to plaintiffs the property they occupy. Defendants, of their own volition, drafted and caused to be recorded both restrictions "A" and "B." Certainly the quoted provision from restrictions "A" was intended to mean something. It should not be construed to be of less effect than had it been embodied in a restrictive covenant in defendants' deed to plaintiffs. Notwithstanding the foregoing, it appears from the opinion filed by the trial judge that he concluded: "The restrictive agreements * * * are of such a vague and general character as to be well-nigh meaningless." It was on that ground, rather than that defendants' proposed buildings would not violate the restrictions, that the trial court entered the decree dismissing plaintiffs' bill of complaint. In this respect we think the trial judge was in error.

Our review of the record brings the conclusion that an issue of fact is squarely presented as to whether or not the buildings which defendants propose to construct on Hillcrest avenue, east of Chalfonte avenue, are of such a character that they conform to defendants' restrictive covenant that: "All residential buildings erected on lots east of Chalfonte avenue shall be of the same character and general construction as the houses immediately east of said lots." We hear this case *de novo* and in so doing have given careful consideration to the contents of the record, particularly the photographic exhibits contained therein. These exhibits conclusively disclose that the 2 houses which defendants propose to build (as well as like houses which defendants plan to build on other similarly restricted lots), are of a

very different character than the houses east thereof to which the restrictive covenant refers.

The record contains photographs of approximately 30 dwellings within the area to the east to which reference is made in the "A" restrictive covenant. These and oral testimony show quite conclusively that defendants' proposed structures are not of "the same character and general construction as the houses immediately east" of defendants' lots. The houses to the east show distinct, individual design. The roof lines are markedly varied. These houses have a higher percentage of brick or brick veneer finish. As compared with defendants' proposed houses, the houses to the east have more square feet of floor area and are of greater value, approximately $25,000 each. The houses defendants propose to construct will sell for less than $15,000 each.

In addition to the 2 houses directly involved in this suit, defendants have obtained building permits for 4 other houses of similar structure to be erected on lots next east of lots 59 and 60. We think it fairly appears that defendants presently propose to construct like houses on both the north and south side of Hillcrest avenue in the block next east of Chalfonte avenue. Defendants have already constructed a row of such houses on the northerly side of Hillcrest avenue in the block next west of Chalfonte avenue, to which the quoted restrictive covenant does not apply. If defendants are not restrained from carrying out their present plan on that portion of Hillcrest avenue east of Chalfonte avenue, which is covered by the restrictive covenant, there will be constructed a row of stock-designed houses. They would be one-story or one-story-and-a-half in height, of low cost, cheap construction, substantially of uniform roof lines, and alike in floor plans. The result would be quite

identical with the row of stock patterned houses that defendants have constructed on Hillcrest avenue in the block next west of Chalfonte avenue. If defendants' proposed construction is permitted it obviously will materially depreciate the character and desirability of other properties in the restricted locality, including that which plaintiffs purchased of defendants for $25,000. The restrictions on which plaintiffs rely were drafted by defendants, and in equity ought not at defendants' behest be held meaningless or unenforceable. Especially is this true since, according to the testimony of plaintiff Gerald T. Murdock, the defendant Charles W. Babcock, at the time the purchase of plaintiffs' property from defendants was being negotiated, represented that future construction in the restricted area would be similar to that east of plaintiffs' property on the south side of Moross road. In our judgment the record discloses a case in which plaintiffs are entitled to injunctive relief.

In arriving at the above conclusion we are mindful the record discloses that the plans and specifications which defendants have submitted for building the houses in suit comply with all the requirements of the applicable zoning ordinance in the village of Grosse Pointe Farms. We are also mindful it appears from the record that certain persons who are not owners of property in the Babcock subdivision have been instrumental in encouraging and aiding plaintiffs financially in bringing this suit. In our judgment these circumstances do not militate against plaintiffs' right to relief, if otherwise established.

The pertinent portion of plaintiffs' prayer for relief is as follows:

"That the defendants, their agents and employees herein be enjoined and restrained, both temporarily and permanently, from constructing and building and from continuing with the construction or building of the houses on lots 59 and 60 of Chas. W. Babcock's

Subdivision as represented by exhibits C and D annexed to the bill of complaint herein [being exhibits 1 and 2 in this record].

"That the defendants, their agents and employees be enjoined and restrained from constructing and building any houses on lots east of Chalfonte avenue in said subdivision described in the fore-going bill of complaint unless same conform to the recorded restrictions affecting said premises and in particular unless same are of the same character and general construction as the houses immediately east of said lots and located in the zone 'A' in the village of Grosse Pointe Farms zoning district."

Plaintiffs are entitled to the relief sought as above noted. A decree may be taken in this Court accordingly, with costs of both courts to plaintiffs.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.

PER CURIAM. Defendants have pending a motion for rehearing in which they urge the necessity of fixing more definitely the scope of the injunctive relief granted plaintiffs than is specified in our opinion heretofore filed herein. The decree has not yet been entered. When presented for settlement the decree may provide as stated in our opinion reported in 329 Mich 127, and for further certainty may also provide that within the restricted area defendants are enjoined from constructing or maintaining a dwelling which shall not comply with the following:

(1) As to present cost or present value it shall conform to and be approximately the same as would be the present cost or present value of the houses immediately east of the lots involved in this suit and located in zone "A" in the village of Grosse Pointe Farms zoning district. See *Ardmore Assn.* v. *Bankle*, 329 Mich 573.

(2) Each of the dwellings constructed or maintained by defendants in the restricted zone shall have a livable floor space of at least approximately 1,400 square feet.

(3) Adjacent or approximately adjacent dwellings shall be materially varied in their exterior appearance to avoid the undesirable effect of the new structures appearing to be of a stock pattern or design, as was done in constructing the dwellings immediately east of the area herein involved.

(4) Further, as to any dwelling wholly or partially erected within the restricted area which does not comply with the recorded restrictions and with our decision herein, defendants within a reasonable time after the date of the decree herein shall so alter such dwelling as to avoid noncompliance or remove same.

(5) The decree may also provide that this case be remanded to the trial court with jurisdiction to hear, determine and control all matters pertaining to violations of our decree in the instant case.

Plaintiffs shall prepare, serve and notice a decree for settlement in accordance herewith. Defendants' motion for rehearing is denied.

REID, C.J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.