HISLE v. SAMBROOK.

1. COVENANTS—BUILDING AND USE RESTRICTIONS—ZONING ORDINANCE.

Building and use restrictions imposed by recorded plat were not abrogated by municipal zoning ordinance at variance therewith.

2. INJUNCTION—LACHES—COVENANTS—ZONING ORDINANCES.

Plaintiff lot owners in subdivision restricted to residence use were not guilty of laches in failing to raise matter of building and use restrictions as to defendants when opposing municipal authorities under zoning ordinance until after being unsuccessful in such efforts and suing to enjoin violation of such restrictions.

3. COVENANTS—RESIDENCE USE—TOOL AND DIE MANUFACTURING PLANT—LACHES—ABANDONMENT—EQUITY.

Plaintiff lot owners in subdivision restricted, with the exception of 3 lots, to a single residence per lot with accessory buildings *held*, entitled to enjoin construction of structure to be used as a tool and die manufacturing plant on defendants'

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Covenants, Conditions, and Restrictions § 299.
[3] 14 Am Jur, Covenants, Conditions, and Restrictions § 308 *et seq.*

lot, where plaintiffs made careful inquiry and ascertained the restrictions before acquiring their lots and building their houses thereon, relied on the restrictions, have not been guilty of laches or abandoned their right to rely on the restrictions, and the industrial use of nearby land or other substantial changes in the character of the neighborhood does not make it inequitable to enforce the restrictions.

Appeal from Wayne; Culehan (Miles N.), J. Submitted June 12, 1956. (Docket No. 61, Calendar No. 46,798.) Decided October 1, 1956.

Bill by George Hisle, Sue Hisle, Hazen Barringer and Pearl Barringer against Frank J. Sambrook and Helen M. Sambrook to enforce building restrictions and enjoin construction of manufacturing plant. Decree for plaintiffs. Defendants appeal. Affirmed.

*Ingle & Ponder* (*George D. Haller,* of counsel), for plaintiffs.

*Dale D. Libby,* for defendants.

BOYLES, J. In this case plaintiffs filed a bill of complaint in the circuit court for Wayne county in chancery to enjoin the defendants from erecting a building for manufacturing purposes on lot 38 in Schoolcraft Manor Subdivision No 2, in Livonia, Wayne county. Issue was joined, and the case was tried before Judge Culehan who heard the testimony and entered a decree enjoining the defendants from making any industrial use of said lot. Defendants appeal.

Schoolcraft Manor No 2 was platted and the plat recorded in 1942 by the Plymouth Road Liquidation Corporation. The recorded plat was made subject to a building and use restriction as follows:

"*Buildings*—All lots except Lots Nos 29, 30, 31 shall be used for private residence purposes only, and no building or structure shall be erected or maintained on any residence lot as platted except 1 pri-

vate detached dwelling and the accessory buildings or structures customarily incident thereto. * * *

"The provisions herein contained shall bind and inure to the benefit of and be enforceable by the Plymouth Road Liquidation Corporation, its successors or assigns, or by the owner or owners of any lot or property in said tract."

Plaintiffs Hisle acquired lots 36 and 37 in said subdivision and built a home on lot 36, in 1943–1951. Plaintiffs Barringer acquired lot 24 in said subdivision and built a home there, in 1946–1947. These properties were acquired subject to the building and use restrictions, which are still in force. Defendants-appellants Sambrook acquired lot 38 in said subdivision in 1955. Their deed recited that it was "subject to easements and restrictions of record." They proceeded to start digging for a foundation to erect a building thereon for a tool and die manufacturing business. Thereupon the instant suit was started by plaintiffs to enjoin the erection and use of the proposed building for industrial purposes.

After plaintiffs had acquired their lots and built their homes thereon and before the defendants had purchased their lot 38, the township, later the city, of Livonia enacted zoning ordinances, and the defendants applied to the building department of the city for a permit to construct an industrial building on said lot, 68' x 40', to be used for tool and die manufacturing. The permit was issued, and after a hearing the city zoning appeal board upheld the permit, and under said zoning ordinance authorized the defendants to proceed with the erection of the building. We do not agree with appellants that the building and use restrictions were abrogated or cancelled by the ordinance. *Phillips* v. *Lawler,* 259 Mich 567; *Monroe* v. *Menke,* 314 Mich 268; *Murdock* v. *Babcock,* 329 Mich 127; *Abrams* v. *Shuger,* 336 Mich 59.

Appellants seek to avoid the impact of the building and use restrictions on their lot in other ways. However, the record is clear that the plaintiffs made careful inquiry and ascertained the restrictions before they acquired their lots and built their houses thereon, and that they relied on the restrictions. It was shown by plaintiffs that the value of their homes is much greater than it would otherwise be without enforcement of the restrictions. It was also shown by the plaintiffs that they have not been guilty of laches in enforcement of the restrictions while they took time to oppose the action of the municipal authorities under the zoning ordinance, nor in failing to raise the question of the building and use restrictions until after they had unsuccessfully opposed the action of the city under the ordinance. At no time have plaintiffs abandoned their right to rely on the restrictions. The industrial use of other nearby land, or other substantial changes in the character of the neighborhood (a cement block plant on lots 39–40), does not make it inequitable to enforce the restrictions. *Monroe* v. *Menke, supra.*

Affirmed. Costs to appellees.

SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred with BOYLES, J.

DETHMERS, C. J., concurred in the result.