175 So.2d 103

**Boyd VAUGHAN**

**v.**

**J. H. FULLER et al.**

**7 Div. 662.**

Supreme Court of Alabama.

April 15, 1965.

Rehearing Denied May 27, 1965.

Knox, Jones, Woolf & Merrill, Anniston, for appellant.

W. C. Daniel and G. Coke Williams, Anniston, for appellees.

MERRILL, Justice.

Appeal from a decree granting a permanent injunction, ordering appellant-respondent to remove two houses he had moved on two lots of a subdivision and ordering him to finish the construction on a third house in accordance with plans he had submitted at the trial.

The 23 complainants own 28 lots of the total of 51 lots in the Boyd Vaughan Subdivision, in the Saks Community near Anniston. Their verified bill alleged that Vaughan, the subdivider, had violated two sections of the building restrictions to which all purchasers of lots from Vaughan had been subject. The restrictions were:

"8. No structure shall be moved onto any lot unless it meets with the approval of the committee hereinafter referred to, or if there is no committee, it shall conform to and be in harmony with existing structures in the tract.

"9. No building shall be erected on any lot until the design and location thereof have been approved in writing by a committee appointed by the subdivider or elected by the owners of a majority of the lots in said subdivision. However, in the event that such committee is not in existence or fails to approve or disapprove such design or location within 30 days, then such approval, except in 2 above, will not be required, provided the design and location on the lot conform to and are in harmony with existing structures in the tract."

The alleged violation by Vaughan was that he moved three partly constructed houses on three lots owned by him in the subdivision; that they violated sections 8 and 9 of the restrictions; that a committee of property owners notified him of the violation but he continued work on them. They sought a temporary and permanent injunction.

A temporary injunction was issued the day the bill was filed and, after appropriate pleadings, a hearing was held and the injunction was made permanent.

The first question raised by appellant is that the property owners' committee was not a legal committee, and that the only committee was a committee of one composed of Vaughan himself.

The uncompleted houses were moved on the lots in January, 1964, and a group of the other owners met at one of their homes, with Vaughan in attendance, to discuss their objections. They requested Vaughan to remove them; he refused but said he would furnish plans to bring the three houses into conformity with those of the owners; but he claimed that he was a self-appointed committee of one to approve plans and no other committee existed.

We concede that there is no direct evidence that the committee of the three property owners were "elected by the owners of a majority of the lots" in the subdivision. But there was a meeting of some of the owners, at which Vaughan was present, and a committee of three asked him to remove the buildings and he refused. This suit was then filed by a majority of the owners, and we are inclined to the view that under the facts of this particular case, this amounts to a ratification by them of the selection and actions of the committee of three.

On the other hand, we are unable to say that Vaughan was ever a legal committee of one because we find no evidence that any of his actions as such committee were ever ratified by anyone other than Vaughan himself.

We agree with appellant that a committee may consist of one person, Black's Law Dictionary, 4th Edition, pp. 341–342, but we cannot agree that Vaughan was such a committee as envisioned by the restrictions.

Appellant also argued that no notice was given to him of the owners' meeting even if the committee had authority to act for the owners. Conceding that appel-

lant, the owner of seven lots, did not have any written notice of the meeting, he admits that he was present and participated in it.

While a party may deny expressly that he had notice of a fact, yet the circumstances may be such as to justify the court in concluding that he did have knowledge. Actual notice is a conclusion of fact inferred from all the evidence. Hodges v. Beardsley, 269 Ala. 280, 112 So.2d 482. Here, no inference of knowledge is necessary. Notice or no, appellant attended and participated in the meeting. There is no merit in this contention.

Appellant also argues that the suit was brought prematurely because the court ordered him to remove two of the houses before construction on them had been completed.

There was much and varied evidence as to the value of the houses, but the definite inference from all the evidence is that the houses moved in were substantially less in value than those which had been built in the subdivision.

Appellant relies primarily on the case of McKee v. Club-View Heights, Inc., 230 Ala. 652, 162 So. 671. While there are other distinctions between the McKee case and the instant case, we refer to only one. The houses here were moved onto the lots in direct contravention of restriction 8; while in McKee, the question was whether the owner should be enjoined from living in a combination servant's house and garage before he began construction on the residence to be built on the front of the lot. The court there held that a reasonable time, permitted by the restrictions, had not elapsed between the completion of the subsidiary buildings and the filing of the bill. Here, the moving of structures on the lots transgressed the restriction.

Appellant next insists that the quoted restrictions, 8 and 9, are void, either be-

cause no standard is set, or if the standard is that any new structures "shall conform to and be in harmony with existing structures in the tract" it is so vague and indefinite that still no standard is set.

A defense that restrictions were "meaningless because of their vagueness and uncertainty" was rejected by the court which noted that " * * * Defendants, of their own volition, drafted and caused to be recorded both restrictions * * *." Murdock v. Babcock, 329 Mich. 127, 45 N. W.2d 1. Ambiguous restrictions, like provisions in other written instruments, must be construed against the person who created them. Parrish v. Newbury, (Ky.), 279 S. W.2d 229.

Here, Vaughan recorded his restrictions when he opened his subdivision. And if they are vague and uncertain, that fault is his because he created them. We are not impressed by his present claim that his own creation should deprive those who relied on it—the purchasers of lots in his subdivision—of the remedy given them in his own creation.

This case, with its 575 page record, was not easy of solution, and we agree with counsel that it is difficult, but we think the complainants have shown a right to the injunction and that they were entitled to the protection given them by the trial court in view of the presumption that attends the finding of that court who saw and heard the witnesses. We cannot say that the trial court's holding was plainly and palpably wrong. Howard v. Harrell, 275 Ala. 454, 156 So.2d 140; Hair v. Beall, 274 Ala. 699, 151 So.2d 613. No reversible error is presented in the argued assignments of error.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.