WRIGHT, Presiding Judge.
Events from which this case arose were: A truck was seized by officers of Chilton County as contraband under § 20-2-93, Code (1975). The First National Bank of Columbiana, located in Shelby County, had a security interest in the truck perfected by listing on the certificate of title issued by and registered in the Department of Revenue of the State of Alabama, as required by § 32-8-37 of the Code. Petition for condemnation was filed in the Circuit Court of Chilton County against the truck.
On the day of filing, notice of the seizure of the truck was given by phone by an attorney in Chilton County to vice president Hill of the Bank. The informer was not then counsel for the Bank. However, Hill sent a copy of the security agreement and a copy of the original certificate of title on the truck, held by the Bank as lienor, to the informing attorney who sent them with a letter to the district attorney handling the case.
A day later the district attorney wrote the attorney that the petition had already been filed and that the Bank could file its claim of interest, but the action would continue because it was believed that the truck would bring more at public sale than the amount of the Bank’s claim. Publication in a local newspaper for three weeks was ordered and made, notifying those having an interest to file claims.
The attorney passed the information of the letter and its contents to Hill of the Bank with advice to file a claim. The final date for filing claims passed with no claim filed. Decree pro confesso was entered, with an order of condemnation and sale some three weeks thereafter. Notice of sale was published a week later. The Bank filed its claim and motion to set aside judgment on the day of sale through the same attorney.
*260 An oral hearing was subsequently held. The court found that notice by publication was given to all claimants; that the Bank had actual notice of the seizure and filing of the forfeiture petition and failed to file its claim within the period allowed. The claim was denied.
The Bank first contends that as the holder of a properly registered security interest, it was entitled to be served with notice of the filing of the forfeiture proceeding and that constructive service by publication was constitutionally insufficient.
We begin our response to the Bank’s contention by pointing out that though § 20-2-93 provides for seizure and forfeiture of conveyances used to transport controlled substances for the purpose of sale, it fails to provide the procedure for forfeiture. There is no statute or rule of court which establishes the procedure for court proceedings for condemnation of property seized subject to forfeiture.
Similar proceedings for condemnation of seized conveyances have been brought for many years under § 28-4-285, 286. Those statutes relate to property seized while being used to transport alcoholic beverages in dry counties. There appears no substantive reason why the procedure in those cases would not be appropriate in other matters of forfeiture. Section 28-4-286 provides for procedure in such cases. It directs the action to be brought in the name of the State against either the property seized or against the person, if known, in possession when seized. The judge of the court where filed is authorized to make all orders of procedure necessary to regulate the proceedings so that all persons who claim an interest in the property may have the opportunity to appear and propound their claims to the property sought to be condemned. Cases construing these statutes have held them to be actions in rem against the property. Koger v. State, 215 Ala. 319, 110 So. 573 (1926); In re One Ford Auto, 205 Ala. 193, 87 So. 842 (1921). In most instances, notice of the filing of the action for condemnation was given by publication in a local newspaper for three successive weeks. Persons claiming an interest in the vehicle were informed therein of their right to appear and protect that interest. If the action was brought solely against the property, no notice other than by the publication was given any person whether owner or lienholder. Such procedure was apparently approved by the U.S. Supreme Court in the case of Pennoyer v. Neff, 95 U.S. 714, 727, 24 L.Ed. 565, 570 (1878):
Substituted services for publication, or any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner, in person or by agent, and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale .... In other words, such service may answer in all actions which are substantially actions in rem.
This statement in Pennoyer v. Neff, must now be viewed in light of more recent application of the due process clause of the fourteenth amendment of the U.S. Constitution to state action. The supreme court discussed the history of forfeiture both at common law and statute in the cases of Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 134 (1971). It was pointed out in those eases that it had long been and continued to be the rule that property seized while being used in the commission of a crime may be subject to forfeiture regardless of the innocence of the owner. Such forfeiture to the State was not deemed unconstitutional. General Motors Acceptance Corp. v. United States, 286 U.S. 49, 52 S.Ct. 468, 76 L.Ed. 971 (1932); Van Oster v. State of Kansas, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354 (1926); Goldsmith-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376 (1921).
*261 However, the statute at hand is not so penal as to provide for forfeiture of property used in the commission of a crime regardless of the innocence of the owner or lienholder. Section 20-2-93(a)(4)c provides, “A forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of nor consented to the act or omission.” Thus, it is recognized that a lienholder has an interest in the property sought to be forfeited to the State. That interest is protected by the due process clause of the fourteenth amendment.
“The fundamental requisite of due process of law is the opportunity to be heard.” Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914). “This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The means of informing or giving notice must be of such nature, giving due regard to the practicalities and peculiarities of the case, as is reasonably calculated to convey the required information.
When notice is due, process which is a mere gesture is not due process. Publication in a newspaper with only local circulation, of an action against a motor vehicle without reference to the name of the owner, can hardly be said to be a reliable means of informing lienholders foreign to the area of circulation that their security interest is before the court.
The lienholder may be said to stand in a different position than an owner. Publication as a means of notice to an owner of property that condemnation of his property is before the courts has been accepted as constitutionally sufficient. However, the theory in such cases has been that an owner keeps up with his property and knows when it has been seized by the State. Therefore publication of an action of forfeiture against it is merely supplemental to actual notice already conveyed by the seizure. Mullane v. Central Hanover Bank & Trust Co., supra; Pennoyer v. Neff, supra. Such presumptive theory of supplemental notice by publication should not prevail against a lienholder not in possession, as in this ease.
We are dealing in this case with a lien-holder whose lien is recorded on the certificate of title issued by the State Department of Revenue. It is on record in that department and the names of the lienholder and owner are easily obtainable. The State by statute has proclaimed that forfeiture of a conveyance encumbered by a bona fide security interest is subject to that interest if the secured party neither had knowledge of nor consented to its illegal use. Such interest can only be protected by due process notice of the seizure and action for condemnation. We hold that notice by publication of a pending action against the property does not reasonably satisfy the requirement of due process under the fourteenth amendment with respect to a lienholder whose name and address are known or reasonably ascertainable. Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972); Mullane v. Central Hanover Bank & Trust Co., supra.
The notice we refer to here is not that required in the service of a summons and complaint upon a defendant party in a suit at law under Rule 4, A.R.C.P. It is such notice as is provided for in Rule 5, A.R.C.P. In fact, Rule 5(a) refers to the giving of notice to the party having custody or possession in actions begun by seizure of property in which no person is named as defendant. A lienholder of record should be entitled to the same notice.
What we have said thus far is not dispositive of this case in light of its peculiar facts. The trial court refused to set aside its judgment because the Bank had actual notice of the filing of the action against the property. Such finding is supported by the undisputed evidence. Vaughan v. Fuller, 278 Ala. 25, 175 So.2d 103 (1965). The contention of the Bank that the attorney who informed it of the seizure and subsequent filing of the action was not *262 its retained counsel begs the question. The Bank had notice and ample time and opportunity to appear and defend. Goodall v. Ponderosa Estates, Inc., 337 So.2d 726 (Ala.1976).
We affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.