AFTER REMANDMENT
BOWEN, Presiding Judge.
Voudrie appealed from the summary dismissal of his petition for writ of habeas corpus challenging his removal from the Work Release Program. This Court affirmed the dismissal on July 5, 1983, 434 So.2d 877, without issuing a published opinion. The Alabama Supreme Court subsequently remanded the cause to this Court with instructions to address the jurisdictional issue of whether an unsigned order dismissing the petition was a final order from which an appeal could be taken. Ex parte Voudrie, 449 So.2d 1217 (Ala.1984).
Under Alabama law an unsigned order, judgment, or decree is valid if it is responsive to the pleadings, and is duly filed and incorporated in the minutes of the court. LeFlore v. State ex rel. Moore, 288 Ala. 310, 314, 260 So.2d 581, cert. denied, 409 U.S. 1007, 93 S.Ct. 436, 34 L.Ed.2d 299 (1972); Taylor v. Hoffman, 231 Ala. 39, 163 So. 339 (1935). The order before us is responsive to the pleadings. It states that both the petition for writ of,habeas corpus and the State’s Motion to Dismiss had been considered, and bears a stamp showing that it was filed with the Circuit Court Clerk on March 17, 1983. The minutes of the Circuit Court, however, are not included in this record and, consequently, we are unable to ascertain whether the order was properly incorporated into those minutes.
In his Notice of Appeal, Voudrie alleges that the “Court Ordered Dismissal was not properly authenticated by Judge Macon.” Because there is nothing in the record to show that the apparent order of dismissal was in fact a valid order, this appeal is due to be dismissed.
We also note that Voudrie’s petition was unverified and for that reason alone was due to be denied. Barnhill v. State, 439 So.2d 822 (Ala.Cr.App.1983); Barker v. State, 437 So.2d 1375 (Ala.Cr.App.1983).
APPEAL DISMISSED.
All Judges concur.