PER CURIAM.
The State of Alabama appeals from an order dismissing the underlying forfeiture action, filed by it pursuant to Ala.Code 1975, § 13A-12-30, seeking condemnation of certain gaming devices, currency, and other property. We reverse and remand.

Facts and Procedural History

On June 1, 2011, the State executed a search warrant and seized certain gaming devices, currency, and other property from the premises of Greenetrack, Inc.[1] (“Green-etrack”). On June 7, 2011, Greenetrack filed in the Greene Circuit Court, pursuant to Rule 3.13, Ala. R.Crim. P., a “Motion for Return of Seized Property.”[1] This motion was referred to Jefferson Circuit Court Judge Houston L. Brown, who had previously been appointed as a “special circuit judge” for certain gaming-related cases in Greene County.[2]
*12 On June 22, 2011, the State initiated the instant action — filed separately from the proceedings on the Rule 3.13 motion — by electronically filing in the Greene Circuit Court a petition seeking the forfeiture and condemnation of the gambling devices, currency, and property that had been seized from Greenetrack and that were the subject of Greenetrack’s Rule 3.13 motion. The petition alleged in its style that the devices, currency, and property listed had been “in possession of” Greenetrack. The filings included a summons directed to Greenetrack, which indicates that service by certified mail was initiated; the case-action summary indicates that service by certified mail was issued that day. The signature portion of the petition appeared as follows:
“Respectfully submitted,
“LUTHER STRANGE (STR003)
“ATTORNEY GENERAL
“By:
7s/_
“HENRY T. REAGAN (REA021)
“Deputy Attorney General
“Counsel for the State of Alabama
7s/_
“J. MATT BLEDSOE (BLE006)
“Assistant Attorney General
“Counsel for the State of Alabama”
As can be seen from the above, the remainder of each line following the 7s/” was blank.
The certificate of service indicated that the petition had been served by mail on several attorneys, including the attorneys who had filed Greenetrack’s Rule 3.13 motion. The signature portion of the certificate of service read as follows:
7s/_
“HENRY T. REAGAN .
“OF COUNSEL”
Again, the remainder of the line following the 7s/” was blank.
Two days later, on June 24, 2011, the State filed an “Amended Petition for Forfeiture and Condemnation.” The signature portion of the amended petition appears substantially the same as that in the June 22 petition and also lacked any text on each line following the 7s/.” The certificate of service, which, again, lacked any text on the line following the 7s/,” indicated that the amended petition had been served by mail on the same attorneys identified in the original petition and on two additional attorneys. Further, the amended petition in its style again listed Greene-track as the party the devices, currency, and property listed in the petition had been “in possession of’; the petition added “c/o Luther Winn” and a different address following Greenetrack’s listing as a party.[3] The summons was directed to Greenetrack “c/o Luther Winn”; it further indicated that service by certified mail was initiated, and the case-action summary indicates that the petition was sent by certified mail to Winn on June 24.
The case-action summary indicates that “notice” was sent to Greenetrack on July 1, 2011, and lists “service by certified mai[l] on [July 5, 2011,]” for both Greene-track and Winn.
*13 On July 6, 2011, Judge Brown held a hearing in the Rule 3.13 proceeding. According to the record in the instant action, at that hearing, Judge Brown noted that the June 22 petition in the case underlying this appeal appeared to lack signatures. That day, the State electronically filed a “Second Amended Petition for Forfeiture and Condemnation.” The signature portion of this second amended petition contained typewritten names following the “/a/,” reading as follows:
“Respectfully submitted,
“LUTHER STRANGE (STR003)
“ATTORNEY GENERAL
“By:
“/s/ Henry T. Reagan
“HENRY T. REAGAN (REA021)
“Deputy Attorney General
“Counsel for the State of Alabama
“/s/ J. Matt Bledsoe
“J. MATT BLEDSOE (BLE006)
“Assistant Attorney General
“Counsel for the State of Alabama”
Similarly, the signature portion of the certificate of service attached to the petition appeared as follows:
7s/ Henry T. Reagan'
“HENRY T. REAGAN
“OF COUNSEL”
The certificate of service lists the same counsel as did the June 24 amended petition. No summons accompanying the second amended petition appears in the record.
On August 3, 2011, Judge Brown entered an order on Greenetrack’s Rule 3.13 motion directing the State to return to Greenetrack all the property seized by the State from Greenetrack’s premises. The State appealed, and this Court in State v. Greenetrack, Inc., 154 So.3d 940 (Ala. 2014), reversed Judge Brown’s decision.
In the meantime, it appears in the instant case that on August 30, 2011, the State hand-filed summonses with the circuit court clerk directed to Greenetrack “e/o William Lee” and to Greenetrack “c/o Luther Winn.” Notations by the process server indicate that the summonses were personally served on August 30, 2011. With these were copies of the June 22 original petition, the June 24 amended petition, and the July 6 second amended petition. In all three petitions, typewritten names followed the 7s/” on the signature lines:
“Respectfully submitted,
“LUTHER STRANGE (STR003)
“ATTORNEY GENERAL
“By:
“/s/ Henry T. Reagan
“HENRY T. REAGAN (REA021)
“Deputy Attorney General
“Counsel for the State of Alabama
“/s/ J- Matt Bledsoe
“J. MATT BLEDSOE (BLE006)
“Assistant Attorney General
“Counsel for the State of Alabama”
The certificates of service for each read as follows:
7s/ Henry T. Reagan
“HENRY T. REAGAN
“OF COUNSEL”
On September 30, 2011, Greenetrack filed a motion in the trial court styled as “Respondent Greenetrack’s Motion to Strike and Dismiss State’s Petition for Forfeiture, Amended Petition For Forfeiture, and Falsely Altered Petitions.” An amended motion was filed on October 18, 2011. The amended motion, among other things, contended that the original petition and the amended petition were due to be stricken because they lacked signatures as required by Rule 11(a), Ala. R. Civ. P. (“Every pleading, motion, or other paper *14 of a party represented by an attorney shall be signed by at least one attorney of record .... ”), and Rule 30(G), Ala. ■ R. Jud. Admin, (setting forth what constitutes an electronic signature), and were thus nullities. Greenetrack further argued that, if the trial court concluded that the August 30 filings were deemed to have initiated the forfeiture action, then the action should be deemed untimely because 14 weeks had elapsed since the execution of the search warrant.[4]
The State filed a response to Greene-track’s amended motion contending, among other • things, that the failure to include a typewritten name after the 7s/” in the original petition and the amended petition was merely a scrivener’s error. The State further argued that electronically filing the complaint under the Alafile[5] system user name and password for the State’s counsel itself constituted an electronic signature.[6]
On December 17, 2013, the trial court held a hearing on Greenetrack’s motions. In an order dated January 15, 2014, the trial court dismissed “the State’s Petition for Forfeiture, as amended.” The State appeals.

Analysis

I.

The State contends that the trial court erred in holding that the June 22 original petition and the June 24 amended petition were due to be stricken under Rule 11(a), Ala. R. Civ. P.
Rule 11(a) provides, in pertinent part:
“Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney’s individual name, whose address shall be stated.... The signature of an attorney constitutes a certificate by the attorney that the attorney has read the pleading, motion, or other paper; that to the best of the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. As provided in Rule 30(G) of the Alabama Rules of Judicial Administration, an electronic signature is a ‘signature’ under these Rules. If a pleading, motion, or other paper is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading, motion, or other paper had not been served.... ”
*15 There is no dispute that the electronic-signature provision of Rule 30(G), Ala. R. Jud. Admin., is applicable in this case. That rule provides, in pertinent part:
“(G) Electronic Signatures. The requirement that any court record or document be signed is met by use of an electronic signature. An electronic signature is considered to be the original signature upon the court record or document for all purposes under these Rules and other applicable statutes or rules. Electronic signatures shall either: (1) show an image of such signature as it appears on the original document or appended as an image file or (2) bear the name of the signatory preceded by an ‘/s/’ typed in the space where the signature would otherwise appear, as follows: /s/ Jane Doe. The Administrative Director of Courts may also designate other means of verification to authenticate a document.... ”
The State contends on appeal that both the original petition and the amended petition comply with Rule 11(a) and Rule 30(G). Specifically, it argues that the 7s/” in the original and amended petitions was simply “placed above Reagan’s name, rather than directly beside it” (State’s brief, at 19). It argues in the alternative that electronically filing a document using the Alaf-ile system under an attorney’s user name and password is an alternate “means of verification to authenticate a document” designated by the Administrative Director of Courts under Rule 30(G).
Rule 11(a) states that “an electronic signature is a ‘signature’ under these Rules” “[a]s provided in Rule 30(G) of the Alabama Rules of Judicial Administration.” The requirement of Rule 30(G) is clear: electronic signatures “shall ... bear the name of the signatory preceded, by an 7s/’ typed in the space where the signature would otherwise appear, as follows: /s/ Jane Doe.” (Emphasis added.) Rule 30(G) thus provides that a name shall follow the 7s/” and provides an example illustrating that point. Further, the Administrative Office of Courts’ “Administrative Procedure for Filing, Signing, and Verifying Documents by Electronic Means in the Alabama Judicial System,” dated June 2, 2005, and last modified May 8, 2006, provides that “[a] pleading or other document requiring a signature shall be signed in the following manner: ‘s/ name.’ ” It then provides the following example for such electronic signature:
“s/Neal Smith
“Neal Smith
“Attorney for ABC Law Firm
“123 South Street
“Mobile, Alabama 36602
“Telephone: (251) 123-4567
“Fax: (251) 123-4567
“SMI999
“E-mail: neaLsmith@law.com”
Rule 30(G) and the administrative procedures provided by the Administrative Office of Courts contemplate that the name of the signatory would immediately follow the 7s/” (or, under the 2005 procedure, “s/”).[7] Rule 30(G) does not contemplate that the line following the 7s/” may remain blank.
We see no support in the materials before us suggesting that the act of electronically filing a pleading using Alafile can itself be deemed to comply with the signa *16 ture requirements of Rule 11. Rule 11 incorporates the signature provision of Rule 30(G), and the latter rule requires an electronic signature to appear on electronically filed documents. If the rule requires an electronic signature to appear on the electronically filed document, it cannot be implied that the electronic filing of a document itself, without an electronic signature appearing on its face, can suffice as an electronic signature. Further, although Rule 30(G) provides that the Administrative Director of Courts may also designate other means of verification to authenticate a document, the only procedures that appear before us require a name to appear following the “s/” or 7s/.” There is no merit to the State’s argument on this point.
The State argues that certain federal court rules provide that the act of electronically filing a document complies with the signature provision of the federal version of Rule 11 and that this Court should adopt a similar rationale. However, although the federal rules cited by the State explicitly provide that an electronic filing inherently includes a signature, the State identifies no such explicit rule in Alabama. In fact, as noted above, the rules in Alabama explicitly require an electronic signature to appear on the electronically filed document. Thus, at best, the signature blocks in the State’s original petition and its amended petition do not fully comply with the letter of Rule 30(G) and Rule 11(a).
The State contends that Rule 11(a) must be construed in light of Rule 1(c), Ala. R. Civ. P., which provides that the Alabama Rules of Civil Procedure “shall be construed and administered to secure the just, speedy and inexpensive determination of every action” and notes that the committee comments to that rule state that “the policy of rules such as these is to disregard technicality and form.” To conclude that there were no signatures in this case, the State contends, “harkens back to the requirements of harsh formal pleading that were abolished” by the Alabama Rules of Civil Procedure.
Although it is clear that the State’s original petition and amended petition do not strictly conform with the stated rules, the above principles lead this Court to conclude that Rule 11(a) does not require the striking of those petitions in this case. Here, the State has continually argued in the trial court and on appeal that the original and. amended petitions were signed in compliance with Rule 11(a); thus, the designated attorneys have continued to acknowledge that they were bound by the certification provided within the rule. Further, upon being alerted to the problem, the State — that same day — filed the second amended petition, which the State contends served as an amendment to the prior petitions, see Rule 15(a), Ala. R. Civ. P., that undisputedly contained proper signatures. The failure to properly sign the petitions has caused no identified prejudice to Greenetrack. In light of these considerations and the properly signed second amended petition filed promptly after the issue was raised, there is nothing before this Court that would convince us to uphold the striking of the State’s original and amended petitions as a “sham or false” under Rule 11(a). To conclude otherwise would be contrary to the principles of Rule 1(c) and would elevate form over substance.
Rule 11(a) provides that, if a pleading is not signed or is signed with intent to defeat the purpose of the rule, it “may ” be stricken. A trial court, under the rule, is not required to strike an unsigned pleading. Thus, Rule 11(a) itself contemplates that even a pleading that violates Rule 11(a) can stand. This disproves Greene-track’s argument that the -failure of the original petition and the amended petition *17 to conform with Rule 11(a) and Rule 30(G) rendered them nullities and that that failure could not be amended or cured by the July 6 second amended petition.[8]

II.

Greenetrack contended in the trial court that the June 22 original petition and the June 24 amended petition were not properly served; it repeats that argument on appeal (at least as to the June 24 amended petition). Specifically, Greene-track contends that the certificates of service for both petitions were directed to counsel for Greenetrack and that “counsel for Greenetrack had not been asked and had never agreed to accept service on behalf of Greenetrack.”
This argument ignores the fact that the counsel named in the certificates of service had previously appeared on behalf of Greenetrack in the Rule 3.13 proceeding directed to the very seizure at issue in this action and, most importantly, that service of the original and amended petitions was effected on Greenetrack itself by certified mail. Rule 5(a), Ala. R. Civ. P., states, in pertinent part:
“In an action begun by seizure of property, in which no person need be or is named as defendant, any service required to be made prior to the filing of an answer, claim, or appearance shall be made upon the person having custody or possession of the property at the time of its seizure.”
The “service” or “notice” required under Rule 5(a) in an in rem proceeding — like the instant forfeiture action — is described in First National Bank of Columbiana v. State, 403 So.2d 258, 261 (Ala.Civ.App. 1981), as follows:
“The notice we refer to here is not that required in the service of a summons and complaint upon a defendant party in a suit at law under Rule 4, [Ala. R. Civ. P.]. It is such notice as is provided for in Rule 5, [Ala. R. Civ. P.]. In fact, Rule 5(a) refers to the giving of notice to the party having custody or possession in actions begun by seizure of property in which no person is named as defendant.”
403 So.2d at 261.
Further still, under “the peculiar facts” of this case, as in First National, the *18 forfeiture action may proceed based on the actual notice undisputably received by Greenetrack:
“The trial court refused to set aside its judgment because the [interested party] had actual notice of the filing of the action against the property. Such finding is supported by the undisputed evidence. Vaughan v. Fuller, 278 Ala. 25, 175 So.2d 103 (1965). The contention of [the interested party] that the attorney who informed it of the seizure and subsequent filing of the action was not its retained counsel begs the question. The [interested party] had notice and ample time and opportunity to appear and defend. Goodall v. Ponderosa Estates, Inc., 337 So.2d 726 (Ala.1976).”
403 So.2d at 261-62. Based on the foregoing, Greenetrack’s argument regarding service provides no basis for upholding the trial court’s order dismissing the State’s forfeiture proceeding.[9]

Conclusion

The trial court’s order dismissing the State’s petitions is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
STUART, BOLIN, PARKER, MURDOCK, MAIN, and WISE, JJ., concur.
MOORE, C.J., concurs specially.
SHAW and BRYAN, JJ., concur in part and concur in the result.

. Rule 3.13 provides, in pertinent part:
"A person aggrieved by an unlawful search and seizure may move the court for the return of the property seized on the ground that he or she is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be restored. If a motion of return of property is made or comes on for hearing after an indictment or information is filed, it shall be treated also as a motion to suppress evidence.”

. The proceedings on the Rule 3.13 motion predate the filing of the instant case and are discussed in more detail in this Court's deci *12 sion in State v. Greenetrack, Inc., 154 So.3d 940 (Ala.2014), which also explains the circumstances of Judge Brown’s appointment. Greenetrack’s Rule 3.13 motion is found in the records of those consolidated cases. See R & G, LLC v. RCH IV-WB, LLC, 122 So.3d 1253, 1258 (Ala.2013) (taking judicial notice of record in previous appellate proceedings between same parties to the extent it pertained to issues in the current appeal).

. After the amended petition was filed, the case-action summary indicates that "Greene-track c/o Luther Winn” was added as a party defendant.

.The motion further contended that the August 30 copies of the petitions contained forgeries in that typewritten signatures were included where no such signatures appeared in the originals. At the later hearing on the motion, Greenetrack appeared to abandon the argument "that the State intentionally forged any document." This argument is not addressed in the trial court's subsequent order on Greenetrack's motion or on appeal. Greenetrack also argued that the petitions were due to be dismissed because the search warrant pursuant to which the devices, currency, and property were seized was defective. This argument; again,- is not addressed in the trial court's subsequent order and was in fact rejected by this Court in Greenetrack, supra.

. "Alafile" is the electronic-filing service for the Unified Judicial System.

. The addition of the typewritten names on the copies of the original and amended petitions included with the August 30 filing, the State contended, "was simply an effort by the State to re-file all relevant documents anew with proper signatures in order to prospectively correct the omission that had already been identified" and, the State contended, "the original documents were already part of the record and ... Greenetrack knew what they contained.”

. The Administrative Office of Courts' September 6, 2012, “Administrative Policies and Procedures for Electronic Filing in the Civil Divisions of the Alabama Unified Judicial System,” which apparently replaces, at least in applicable part, the 2005 procedure, provides: “The pleading or other document electronically filed shall indicate a signature, e.g., 7s/ Jane Doe’.... ”

. In support of its argument, Greenetrack cites several cases for the proposition that, "under Alabama law, a document, affidavit, pleading, or order that is not signed is null and void” and that an "amendment of a nullity is a nullity.” (Greenetrack’s brief, at 2-3.) We disagree. Specifically, the cases cited by Greenetrack do not involve situations were a complaint failed to comply with Rule 11(a) and are legally inapposite: Kelley v. State, 55 Ala.App. 402, 316 So.2d 233 (Ala.Crim.App. 1975); Leonard v. State, 52 Ala.App. 212, 290 So.2d 673 (Ala.Crim.App. 1974); Dennis v. State, 40 Ala.App. 480, 115 So.2d 125 (1959); and Sparks v. State, 39 Ala.App. 517, 104 So.2d 764 (1958), are criminal cases predating the Alabama Rules of Criminal Procedure. They hold that unsigned or unverified warrants and criminal complaints failed to invoke the jurisdiction of the trial court over a criminal case. Voudrie v. State, 449 So.2d 1217, 1218 (Ala.Crim.App. 1984) (opinion on remand), actually holds that an "unsigned order, judgment, or decree” — not a pleading— “is valid if it is responsive to the pleadings, and is duly filed and incorporated in the minutes of the court.” (Emphasis added.) Those cases do not demonstrate that an unsigned complaint initiating a forfeiture action is a nullity. Similarly, the cases cited for the proposition that a nullity cannot be amended — Off Campus College Bookstore, Inc. v. University of Alabama in Huntsville, 25 So.3d 423 (Ala.2009), and Alabama Department of Corrections v. Montgomery County Commission, 11 So.3d 189 (Ala.2008) — involve'cases where the trial court lacked subject-matter jurisdiction at the initiation of the case. Similarly, in Ex parte Owens, 65 So.3d 953 (Ala. Civ.App.2010), the trial court never acquired subject-matter jurisdiction because the complaining party failed to meet certain statutory requirements.

. Our decision pretermits any discussion of the remaining issues addressed in the trial court’s January 15 order and raised on appeal, including whether, if the State’s August 30, 2011, filings constitute the first proper filing of this forfeiture action, the action should be deemed as untimely.